Vicky **BRAWNER–AHLSTROM,**
**Plaintiff–Appellant,**

v.

Robert J. **HUSSON, Gary Pon, and James Wall, Defendants–Appellees.**

No. 96CA1733.

Colorado Court of Appeals,
Div. III.

April 30, 1998.

Rehearing Denied June 25, 1998.

Certiorari Denied Jan. 11, 1999.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs; James A Carleo, Pueblo; Wilcox & Ogden, P.C., Ralph Ogden, Denver, for Plaintiff–Appellant.

Overton & Feeley, P.C., Thomas J. Overton, Jane G. Ebisch, Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Thomas C. Sullivan, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge PLANK.

In this sex discrimination case, plaintiff, Vicky Brawner–Ahlstrom, appeals the summary judgment entered by the trial court in favor of defendants, Robert J. Husson, Gary Pon, and James Wall. We affirm.

Plaintiff was employed by the Colorado Compensation Insurance Authority (CCIA), where she supervised employees in the mail and records department. In June 1992, plaintiff informed her supervisor, defendant Wall, that a mailroom employee had opened by mistake a personal and confidential letter addressed to defendant Husson, vice president of CCIA's benefits and claims administration. Wall told Husson, who then told defendant Pon, Wall's supervisor and CCIA's president-general manager, about the incident.

Thereafter, rumors about the letter began to circulate within the CCIA. Plaintiff stated that defendants Wall and Husson began to treat her differently than they had in the past. In February 1993, Wall asked plaintiff if she had made a copy of the letter to Husson. From that inquiry, she inferred that she was considered to be responsible for the rumors.

In response to an unrelated complaint from a subordinate, an investigation concerning plaintiff was conducted, after which plaintiff was found to be derelict in her duties. She was relieved of her supervisory duties, placed on probation, and given ninety days in which to relocate to another position within the CCIA.

Thereafter, claiming emotional distress, plaintiff did not report for work. She filed a workers' compensation claim which is not at issue in this appeal. Plaintiff was terminated in May 1993 for job abandonment.

In May 1995, plaintiff filed a complaint, pursuant to 42 U.S.C. § 1983 (1994), in which she claimed that defendants, in their individual capacities and acting under color of state law, had violated her right to equal protection by discriminating against her on the basis of her gender.

Plaintiff alleged that defendants had assumed that she started rumors about the letter because she is a woman. Plaintiff

claimed that defendants embarked upon a campaign to drive her from the workplace because of what she knew about the letter, that defendants arbitrarily terminated her employment for that reason, that neither Husson nor Wall was punished by Pon for their involvement in the situation, and that defendants' conduct constituted gender-based disparate treatment and discrimination which was constitutionally prohibited.

Finding that plaintiff had failed to establish all elements of a *prima facie* case of sex discrimination, the trial court granted defendants' motion for summary judgment. This appeal followed.

## I.

Plaintiff contends that the trial court erred in granting summary judgment. We disagree.

### A. Summary Judgment

Summary judgment is a drastic remedy that is warranted only on a clear showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Greenberg v. Perkins,* 845 P.2d 530 (Colo.1993).

■ The party moving for summary judgment bears the burden of establishing the lack of a triable factual issue, and if there are any doubts as to the existence of such an issue, they must be resolved against that party. *Greenberg v. Perkins, supra.*

■ The party opposing summary judgment is entitled to the benefit of all favorable inferences that may be drawn from the facts contained in the record. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

■ Appellate review of a judgment granting a motion for summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

### B. *Prima Facie* Case

■ The federal statute at issue, 42 U.S.C. § 1983, creates a private right of action for damages and injunctive relief against state actors who deprive a person of rights, privileges, or immunities secured by the Constitution and laws. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), overruled in part on other grounds, *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 65 L.Ed.2d 611 (1978).

■ As a general rule, to state a claim of discrimination under § 1983 in the context of employment, a plaintiff must show: (1) that plaintiff is a member of a protected class; (2) that plaintiff was qualified for the position at issue; (3) that defendants made an adverse employment decision despite the plaintiff's qualifications; and (4) that the position in question was ultimately filled by a person not a member of the protected class. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). *See also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)(outlining elements of *prima facie* test under Title VII of the Civil Rights Act of 1964); *Southard v. Texas Board of Criminal Justice,* 114 F.3d 539 (5th Cir.1997)(applying the same *prima facie* test to discrimination claims under Title VII and § 1983).

■ However, the burden of proving a *prima facie* case is not an onerous one. A plaintiff must show by a preponderance of the evidence that the adverse action was taken by an employer under circumstances which give rise to an inference of unlawful discrimination. Proof that a discharged employee was replaced by a person not a member of the same protected class is not the only way to create such an inference. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ Thus, the concept of a *prima facie* case is a flexible standard that may be modified to relate to different factual situations. *Mohammed v. Callaway,* 698 F.2d 395 (10th Cir.1983). For example, in the context of an age discrimination claim, replacement by a person outside the protected class is no longer deemed to be a proper element of the *prima facie* case. *See O'Connor v. Consoli-*

dated *Coin Caterers Corp.,* 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996).

Here, the record indicates that plaintiff is a member of a gender-based protected class who was discharged from a position for which she was once qualified. It is undisputed that plaintiff received positive annual job performance evaluations from 1988 to 1992, that her performance was rated as either distinguished or exceeding expectations, and that both Wall and Pon wrote positive comments about her job performance.

The record also contains evidence that plaintiff was not the only female employee aware of the letter to Husson, that the investigation into plaintiff's performance began as a result of a complaint by a female employee under her supervision, that the investigation revealed various instances of mismanagement, and that plaintiff was found to be derelict in her duties for reasons unrelated to the disclosure of the personal letter to Husson. Thus, whether plaintiff was qualified for her position when she was terminated and whether any adverse employment decisions were made despite such qualifications are disputed issues of fact.

▪ Although the record contains undisputed evidence that plaintiff was replaced with a member of the same protected class, it has been held that such replacement could itself be "a pretextual device specifically designed to disguise an action of discrimination." *Howard v. Roadway Express, Inc.,* 726 F.2d 1529, 1532 (11th Cir.1984). Thus, under the rule of *Roadway Express,* with which we agree, a *prima facie* case can be established notwithstanding replacement by a member of the same protected class.

▪ Here, we disagree with the trial court that plaintiff failed to establish all elements of a prima facie case of sex discrimination. However, because we may affirm a trial court's correct result, even if it employed incorrect reasoning, *see Biel v. Alcott,* 876 P.2d 60 (Colo.App.1993), it is appropriate for us to continue with the burden shifting analysis. *See Cone v. Longmont United Hospital Ass'n,* 14 F.3d 526 (10th Cir.1994).

## C. Burden of Proof

▪ The burden of proof is placed upon a plaintiff to establish a *prima facie* case of discrimination. If the plaintiff establishes such a case, a presumption then arises that the employer unlawfully discriminated against the plaintiff. This presumption places upon defendants the burden of producing an explanation to rebut the *prima facie* case, *i.e.,* the burden of producing evidence that the adverse employment actions were taken for a legitimate, nondiscriminatory reason. *St. Mary's Honor Center v. Hicks, supra.*

▪ If defendants' reasons suffice to rebut the presumption of discrimination created by plaintiff's *prima facie* case, plaintiff must then show that defendants' reasons are a pretext for discrimination. In a summary judgment setting, the plaintiff must raise a genuine factual question as to whether defendants' reasons are pretextual. *Drake v. City of Fort Collins,* 927 F.2d 1156 (10th Cir. 1991).

▪ In such case, the presumption previously raised by a plaintiff's proof of a *prima facie* case is rebutted and drops from the case. *St. Mary's Honor Center v. Hicks, supra.* Thus, the existence of a *prima facie* case does not necessarily preclude judgment as a matter of law against the plaintiff. *See Ingels v. Thiokol Corp.,* 42 F.3d 616 (10th Cir.1994). Even if plaintiff established a *prima facie* case, defendants are entitled to summary judgment unless plaintiff produces either direct evidence of discrimination or evidence that defendants' proffered reason for the action was pretextual, with discrimination being the underlying purpose. *See Conner v. Schnuck Markets, Inc.,* 121 F.3d 1390 (10th Cir.1997).

▪ In the summary judgment context, plaintiff must present evidence sufficient for a factfinder reasonably to conclude that the decision to terminate her employment was driven by a discriminatory animus. A district court's grant of summary judgment to an employer will be upheld if the record is devoid of adequate direct or circumstantial evidence of the employer's discrimi-

natory intent. *See Mulero–Rodriguez v. Ponte, Inc.,* 98 F.3d 670 (1st Cir.1996).

 Here, with their motion for summary judgment, defendants attached affidavits and exhibits which included a summary of the investigation into plaintiff's job performance, a letter to plaintiff requesting that she return to work, and a CCIA human resources document indicating that plaintiff was terminated for job abandonment. None of these documents indicates that plaintiff's demotion and termination were related to the disclosure of Husson's personal letter, nor do they in any way relate to her gender. The reasons articulated by defendants to explain plaintiff's employment termination are specific, reasonable, and sufficient to rebut the presumption of discrimination created by a *prima facie* case.

 In response to the motion for summary judgment, plaintiff submitted her affidavit. She reiterated the facts and allegations in her complaint, including her 1988–1992 job performance evaluations. However, she failed to produce evidence raising a genuine factual question as to whether the articulated reasons for her termination were pretextual and whether the true reasons were discriminatory. We agree with that part of the trial court's order which found that plaintiff "failed to produce a scintilla of evidence that her sex played a role in her dismissal." Absent such evidence, plaintiff failed to meet her burden of proof.

Thus, notwithstanding the existence of a *prima facie* case of sex discrimination, we conclude that plaintiff failed to show that defendants' stated nondiscriminatory reasons for her termination were a pretext. Based on the foregoing conclusion, we find it unnecessary to address the other arguments raised by the parties as to this issue.

We also find that plaintiff's appeal is not frivolous. Thus, defendants' request for costs and attorney fees is denied. *See Wood*

*Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993).

The judgment is affirmed.

CASEBOLT and PIERCE *, JJ., concur.