**Wendy MILLER, Personal Representative of the Estate of John Miller, deceased, Plaintiff–Appellee and Cross–Appellant,**

v.

**ROWTECH, LLC, Defendant–Appellant and Cross–Appellee.**

**No. 99CA0313.**

Colorado Court of Appeals, Div. I.

April 27, 2000.

Kenneth S. Copple & Associates, P.C., Kenneth S. Copple, Fort Collins, Colorado; Montgomery, Kolodny, Amatuzio, Dusbabek & Parker, L.L.P., Peter S. Dusbabek, Steven G. Greenlee, Denver, Colorado, for Plaintiff–Appellee and Cross–Appellant.

King, Peterson, Dymond, LLP, Richard G. Peterson, Michael W. Reagor, Englewood, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge NIETO.

Defendant, Rowtech, LLC (Rowtech), appeals the judgment entered on a jury verdict in favor of Miller, arising from a breach of contract claim. Miller cross-appeals the court's preclusion of evidence relating to alleged damages resulting from his inability to fulfill a contract for sale of his crop (contract cover claim). We affirm.

While this appeal was pending, plaintiff, John Miller, died. Wendy Miller, Personal Representative of the Estate of John Miller, has been substituted as Plaintiff–Appellee and Cross–Appellant. For purposes of clari-

ty, we will refer to the Plaintiff–Appellee and Cross–Appellant as Miller.

Miller was a potato farmer who contracted with Rowtech in 1997 for the application of protective farm chemicals. Miller asserted that Rowtech failed to apply chemicals to the entire crop, and the potatoes became infected with a disease known as late blight. He claimed this resulted in a substantial reduction in yield. After a jury trial, Miller prevailed on the breach of contract claim, and was awarded damages of $313,160. Rowtech filed a motion for new trial or remittitur and a post-trial motion to dismiss. Both motions were denied by the court, and this appeal followed.

## I.

Rowtech asserts the court should have granted its motion to dismiss the case because Miller failed to file a certificate of review as required by § 13–20–602, C.R.S. 1999. Rowtech contends that compliance with § 13–20–602(1)(a), C.R.S.1999, is jurisdictional; therefore, it argues, Miller's failure to file a certificate of review denied the court subject matter jurisdiction. We disagree.

### A.

Initially, we reject Miller's argument that the motion to dismiss was not timely filed in the court. The first time Rowtech asserted a certificate of review argument was in its post-trial motion to dismiss, which was filed beyond the fifteen-day requirement of C.R.C.P. 59 and the court's extensions. The motion to dismiss originally sought relief under C.R.C.P. 59. However, in the reply brief Rowtech asked the court to construe the motion as a request for relief from a void judgment under C.R.C.P. 60.

The court found the motion was untimely, but also addressed the issues raised. It found that Rowtech was not entitled to relief under C.R.C.P. 60 and denied the motion.

A challenge to subject matter jurisdiction can be raised at any time. *Minto v. Lambert*, 870 P.2d 572 (Colo.App.1993). Thus, we will address the merits of the issue.

### B.

Section 13–20–602(1)(a), C.R.S.1999, requires a plaintiff to file a certificate of review in "every action for damages or indemnity based upon the alleged professional negligence of ... a licensed professional." However, if the plaintiff determines the statute does not apply, no certificate needs to be filed. *Martinez v. Badis*, 842 P.2d 245 (Colo. 1992). If the defendant believes a certificate is required, § 13–20–602(2), C.R.S.1999, provides a mechanism for the defendant to demand compliance. That subsection provides that "the defense *may* move the court for an order requiring filing of such a certificate" (emphasis added), thus providing a procedure for enforcing the statute. A Defendant may also request dismissal of the complaint pursuant to § 13–20–602(4), C.R.S.1999. The statute has no specific language suggesting that the requirement is jurisdictional.

The court has discretion to determine if a certificate of review is required. "[T]he decision of the trial court that a claim may proceed without the filing of a certificate of review will not be disturbed upon appellate review unless the plaintiff's theory was without arguable merit." *Shelton v. Penrose/St. Francis Healthcare System*, 984 P.2d 623, 627 (Colo.1999).

We hold that the provision in § 13–20–602, C.R.S.1999, that a plaintiff file a certificate of review, is not a jurisdictional requirement. If it were jurisdictional, it would be required regardless of the defendant's demand, and a judgment would be void if appellate review determined the certificate was required. The supreme court's conclusions expressed in *Martinez v. Badis, supra,* and *Shelton v. Penrose/St. Francis Healthcare System, supra,* are incompatible with a conclusion that filing the certificate is a jurisdictional requirement.

We are aware that the supreme court in *State of Colorado v. Nieto*, 993 P.2d 493 (Colo.2000), held that § 13–20–602, C.R.S. 1999, created a procedural prerequisite requiring the filing of a certificate of review. However, in that case the defendant did file a pretrial motion to compel the filing of a certificate of review. We also note that *Nie-*

*to, supra,* does not hold that this procedural prerequisite is self-executing, nor does it hold that defendant is relieved of the burden to invoke the benefit of the statute through the procedure specified in the statute.

■■ Section 13–20–602, C.R.S.1999, provided Rowtech a defense, and if it was not asserted, it was waived. A party who fails to raise a defense until after the trial on the merits waives that defense. *Levy–Wegrzyn v. Ediger,* 899 P.2d 230 (Colo.App.1994). Here the defense was waived, and since the certificate is not a jurisdictional requirement, the court did not err in denying the motion to dismiss.

## II.

Rowtech argues that the court erred in denying its motion for mistrial. It asserts that references to the availability of insurance during trial were prejudicial. We reject this contention.

During the presentation of a videotape to the jury, Miller referred to a person appearing on the tape as the "insurance adjuster." Later, referring to the same person, he called him the "the other fellow." Rowtech argues that these references informed the jury of the existence of insurance coverage, and should have resulted in a mistrial. We disagree.

■ Evidence of a party's liability insurance is not admissible, and any allusion to insurance coverage is improper. *Prudential Property & Casualty Insurance Co. v. District Court,* 617 P.2d 556 (Colo.1980). "However, mere inadvertent or incidental mention of insurance before the jury does not automatically call for a mistrial; unless prejudice is shown, there is no reversible error in denying a mistrial." *Jacobs v. Commonwealth Highland Theatres, Inc.,* 738 P.2d 6, 12 (Colo.App.1986).

■ A court has considerable discretion in ruling on the prejudicial impact of proffered evidence, and such a ruling will not be overturned absent an abuse of discretion. *Hock v. New York Life Insurance Co.,* 876 P.2d 1242 (Colo.1994). Whether a mistrial should be granted is left to the discretion of the court, and unless the court abuses this discretion, error will not be found on appeal. *Cook Investment Co. v. Seven–Eleven Coffee Shop, Inc.,* 841 P.2d 333 (Colo.App.1992).

■ Here the incidental reference to insurance was made by Miller, not by counsel, and counsel did not attempt to exploit it. Miller was promptly admonished by his counsel for his inadvertent reference, and the court later, in a proceeding outside of the presence of the jury, ordered both counsel to avoid any future reference to the existence of insurance.

Rowtech's only objection to the videotape was that it should have been offered during direct examination of Miller. After the motion for mistrial was denied, Rowtech did not object to the admission of the videotape into evidence. Rowtech did not request that any part of the tape be redacted or that the jury be instructed to disregard any testimony. When the court denied Rowtech's motion for a mistrial, it found that the inappropriate reference was not "going to influence [the jury's] decision in this case" and that "I don't think there's prejudice."

The record supports this ruling; thus, no abuse of discretion occurred.

## III.

Rowtech also argues the jury's award of damages in the amount of $313,160 was excessive. It contends the court erred by denying its motion for new trial or remittitur. We do not agree.

■ The amount of damages to which an injured party is entitled is a matter within the sole province of the jury. *Roberts v. C & M Ready Mix Concrete Co.,* 767 P.2d 769 (Colo.App.1988). The jury's award of damages may not be reversed unless the verdict is so grossly excessive as to indicate passion or prejudice. *Zertuche v. Montgomery Ward & Co., Inc.,* 706 P.2d 424 (Colo.App. 1985). The amount of damages awarded by a jury may not be disturbed unless it is completely without support in the record. *Hauser v. Rose Health Care Systems,* 857 P.2d 524, (Colo.App.1993).

Rowtech argues that, pursuant to the testimony of experts and evidence presented at trial, the award was manifestly excessive. Rowtech concludes that this award is the result of evidence of the availability of insurance.

Miller's evidence at trial, although disputed, provided an adequate basis for the jury's award. The record does not establish that the jury acted out of passion or prejudice. Accordingly, the court did not err in denying Rowtech's motion for new trial or remittitur.

## IV.

Miller's cross-appeal asserts that the court erred when it excluded testimony and evidence regarding the contract cover claim. We find no basis for reversal.

During a conference in chambers on the first day of trial, the court denied Miller's request to present evidence of his contract cover claim. At that time, the court found the claim had never been asserted in the case.

In his complaint for breach of contract, Miller asserted that "the Plaintiff may not be able to fulfill potato contracts with third parties, which will result in further damages." This pleading adequately asserted this claim for special damages. However, having asserted the claim, Miller failed to make proper disclosures concerning it. Miller did not disclose the method he used to calculate damages related to his contract cover claim.

C.R.C.P. 26(a)(1)(C) requires that a party, without awaiting a discovery request, must provide "[a] computation of any category of damages claimed by the disclosing party" and disclosure of "documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based." Such a disclosure was critical in this contract cover claim, where the alleged damage was not based upon the losses directly related to the reduced yield caused by the breach of contract, but, rather, was based on the inability to fulfill a contract with a third party. These special damages require calculations beyond the direct loss caused by the breach.

Miller also failed to disclose these special damages in the trial management order. C.R.C.P. 16(c)(1)(V) requires that "[e]ach claiming party shall set forth a detailed and itemized calculation of damages or description of relief sought and the basis therefor." C.R.C.P. 16(c)(3) provides that "[t]he Trial Management Order shall control the subsequent course of the trial. Modification to or divergence from the Trial Management Order, whether prior to or during trial, shall be permitted upon a demonstration that the modification or divergence could not with reasonable diligence have been anticipated."

C.R.C.P. 37(c) provides for excluding non-disclosed evidence unless the failure to disclose is justified or harmless to the other side. A prior motion is not required to impose sanctions. The burden is on the non-disclosing party to establish that its non-disclosure was substantially justified or harmless. *Todd v. Bear Valley Village Apartments,* 980 P.2d 973 (Colo.1999).

Here, the record establishes that Miller's non-disclosure was not justified, and it was not harmless to Rowtech. The failure to disclose adequately placed Rowtech at a significant disadvantage.

The court erred when it found that the contract cover claim had not been asserted in the case. However, this error was harmless because the exclusion of evidence was justified pursuant to C.R.C.P. 26, 16, and 37. Because the court reached the right result, albeit for the wrong reason, we may affirm. *Brawner–Ahlstrom v. Husson,* 969 P.2d 738 (Colo.App.1998).

The judgment is affirmed.

Judge METZGER and Judge RULAND concur.