**Kristina HANE, a minor, By and Through her mother and next friend, Martha JA-BALERA, Plaintiff–Appellant and Cross–Appellee,**

v.

**Gary TUBMAN, D.D.S., Defendant–Appellee and Cross–Appellant.**

**No. 94CA0664.**

Colorado Court of Appeals, Div. IV.

May 4, 1995.

Rehearing Denied June 15, 1995.

Oliphant & Associates, Kristopher L. Hammond, Steamboat Springs, for plaintiff-appellant and cross-appellee.

Dackonish, Blake & Houska, P.C., Scot J. Houska, Grand Junction, for defendant-appellee and cross-appellant.

Opinion by Judge RULAND.

In this dental malpractice action, plaintiff, Kristina Hane, a minor, by and through her mother and next friend, Martha Jabalera, appeals the summary judgment dismissing her claim against defendant, Gary Tubman, as barred by the applicable statute of limitations. Defendant cross-appeals from an order denying his motion to dismiss based upon the minor's failure to file a timely certificate of review. We reverse and remand for further proceedings.

Plaintiff filed her complaint against the defendant on the day of her eighth birthday, based on defendant's alleged acts of negligence which occurred when plaintiff was three years old. The record does not reflect that a legal guardian was appointed for plaintiff at any time prior to the filing of the complaint.

Defendant was served with process on September 10, 1993. On November 12, defendant filed a motion to dismiss the complaint for failure to file a certificate of review as required by § 13–20–602, C.R.S. (1994 Cum.Supp.). Plaintiff filed the required certificate on November 19. Following a hearing, the court denied defendant's motion based upon its determination that good cause had been shown for the late filing.

Defendant also filed a motion for summary judgment asserting that plaintiff's claim was time barred pursuant to § 13–80–102.5, C.R.S. (1994 Cum.Supp.). The court granted this motion.

I

Defendant may assert other grounds on appeal than those relied upon by the trial court in support of the judgment entered. *Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991). Accordingly, we initially address defendant's contention that the trial court erred in denying his motion to dismiss.

In support of this contention, defendant relies upon the concession of counsel for plaintiff that the failure to file a certificate was solely the result of counsel's inadvertence and that the information necessary to file the certificate had been secured sometime before defendant's motion was filed. Under these circumstances, defendant contends that there is no good cause for the late filing as a matter of law. However, we perceive no error in the trial court's ruling.

As pertinent here, § 13–20–602 requires plaintiff to file a certificate of review within 60 days after the service of the complaint "unless the court determines that a longer period is necessary for good cause shown." Lacking any specific statutory definition of "good cause," the trial court relied upon decisional law interpreting that phrase in the context of default judgment cases. Applying that analysis, the court determined that good cause had been shown. We agree with the court's ruling.

In *Craig v. Rider,* 651 P.2d 397 (Colo. 1982), our supreme court addressed the standard to be applied in determining whether, under the Colorado Probate Code, an interested party demonstrated "good cause" for the delay in filing a motion to vacate an order admitting a will to probate. The court concluded that the analysis of good cause should be predicated upon the criteria adopted in decisional law for setting aside a default judgment pursuant to C.R.C.P. 55(c) and for setting aside a judgment under C.R.C.P. 60(b). The court reached this conclusion because the Colorado Probate Code incorporated the Rules of Civil Procedure. We conclude that the same analysis should apply to

§ 13–20–602 because the statute addresses civil actions governed by those rules and because the General Assembly has not adopted other criteria.

The *Craig* court determined that the goal in resolving the good cause issue was to promote substantial justice. The court concluded that resolution of the issue was therefore addressed to the sound discretion of the trial court and that the burden was upon the movant to establish grounds for setting aside the order by clear, strong, and satisfactory proof. *See also Sumler v. District Court,* 889 P.2d 50 (Colo.1995).

In exercising its discretion, the *Craig* court concluded that the trial court should address three criteria, namely, whether the neglect that resulted in entry of the adverse order was excusable; whether the moving party had alleged a meritorious defense or claim; and whether relief from the challenged order would be consistent with equitable considerations such as any prejudice that would accrue to a party if the order were set aside. The court also stated:

> The trial court's consideration of these three factors is guided by the general rule that the requirements for vacation of a default judgment should be liberally construed in favor of the movant, especially where the motion has been promptly made.... Resolution of disputes on their merits is favored, and we have been receptive to promptly filed motions to set aside default judgments....

*Craig v. Rider, supra,* at 402.

Later, in *Buckmiller v. Safeway Stores, Inc.,* 727 P.2d 1112 (Colo.1986), our supreme court held that, in resolving the good cause issue, the trial court must address each of the criteria adopted in *Craig.* In that context, the *Buckmiller* court noted that, in addressing the excusable neglect criteria, the trial court must consider the nature and extent of any negligence attributable to counsel.

Here, the court found that counsel for plaintiff had secured the information necessary to prepare and file a certificate well before the filing deadline. The court further noted that it should not impose upon a minor any neglect of counsel in filing the certificate and that the certificate had been filed promptly after defendant's motion. Finally, the court noted that the obvious purpose of the statute was to prevent the filing of frivolous cases, that the record demonstrated that the minor's claim was not frivolous, and that no prejudice to defendant had been demonstrated by the late filing of that instrument.

■ Defendant contends and we recognize that common carelessness and negligence are generally not considered excusable neglect as contrasted with the gross negligence of counsel. *See Tyler v. Adams County Department of Social Services,* 697 P.2d 29 (Colo.1985); *McElvaney v. Batley,* 824 P.2d 73 (Colo.App. 1991). However, even if we assume that the negligence of counsel in this case was not gross negligence, we are unable to conclude that such is dispositive of the issue. This is because the *Buckmiller* court established that all three criteria must be addressed in the court's analysis of the good cause issue. And, the record fully supports the court's analysis of the other criteria. Hence, there was no error in the court's denial of the motion to dismiss premised on the late filing of the certificate.

## II

With reference to the court's ruling on the statute of limitations, we agree with plaintiff that the court erred in concluding that, as a matter of law, her claim was time barred.

As pertinent here, § 13–80–102.5 provides:

(1) Except as otherwise provided in this section, no action alleging negligence ... to recover damages from any ... health care professional ... shall be maintained unless such action is instituted within two years after the date that such action accrues pursuant to section 13–80–108(1), but in no event shall an action be brought more than three years after the act or omission which gave rise to the action.

. . . .

(3) The limitation of actions provided in subsection (1) of this section shall not apply under the following circumstances:

. . . .

(d) If the action is brought by or on behalf of:

(I) A minor under eight years of age who was under six years of age on the date of the occurrence of the act or omission for which the action is brought, in which case the action may be maintained at any time prior to his attaining eight years of age; or

(II) A person otherwise under disability as defined in section 13–81–101, in which case the action may be maintained within the time period as provided in section 13–81–103.

In § 13–81–101(3), C.R.S. (1987 Repl.Vol. 6A), a "[p]erson under disability" includes a minor under 18 years of age who does not have a legal guardian. For that individual, § 13–81–103, C.R.S. (1987 Repl.Vol. 6A) provides that the action must be maintained within two years after a legal guardian is appointed if the guardian is appointed prior to the minor's eighteenth birthday.

In *Cintron v. City of Colorado Springs,* 886 P.2d 291 (Colo.App.1994), announced after the trial court's ruling in this case, a division of this court held that Colorado decisional law does not impose upon the natural parents of the child the obligation to litigate a minor's personal injury claim. In addition, § 13–22–101(1)(c), C.R.S. (1987 Repl.Vol. 6A) currently provides that a minor is not competent until the age of 18 to file suit. Accordingly, in light of *Cintron,* the parties here were ordered to submit supplemental briefs on the issue whether the two-year limitation in § 13–80–102.5 applies to minors under the age of eight who do not have legal guardians.

In regard to that order, we note that contrary to defendant's contention, plaintiff did argue in the trial court, albeit in summary form, the applicability of § 13–80–102.5(3)(d)(II), C.R.S. (1994 Cum.Supp.). Thus, it was appropriate for this court to order the filing of supplemental briefs relative to the proper interpretation of the statute. *See Irwin v. Elam Construction, Inc.,* 793 P.2d 609 (Colo.App.1990).

We have now considered the additional briefs and the pertinent legislative history to resolve this issue. *See Martin v. Montezu-* *ma–Cortez School District RE–1,* 841 P.2d 237 (Colo.1992).

Relying upon the plain meaning rule of statutory construction, defendant contends that § 13–80–102.5(3)(d)(I), C.R.S. (1994 Cum.Supp.) requires any minor under age six when the alleged act of negligence occurs to file suit prior to the child's eighth birthday. He maintains that if the General Assembly had intended that the subsection apply only to the claims of children having a legal guardian, it would have specifically so stated. Hence, he asserts the trial court reached the proper result.

■ However, when § 13–80–102.5(3)(d)(I) is read together with § 13–80–102.5(3)(d)(II) and § 13–81–101, C.R.S. (1987 Repl.Vol. 6A), those provisions may be construed as requiring any minor who does not have a legal guardian at the time the alleged act of negligence occurs to have until age 18 to assert the claim or until two years after a legal guardian is appointed. Thus, we conclude that the claim here was timely filed.

### A

■ In interpreting § 13–80–102.5, we are guided by certain established principles of statutory construction. Among these is the rule that, if, as here, the two provisions of the statute appear to be in conflict, we must interpret the statute to further the legislative intent as evidenced by the entire statutory scheme. *See Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo.1986). Moreover, in interpreting that intent, we must presume that the General Assembly intended a just and reasonable result. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *State Engineer v. Castle Meadows, Inc.,* 856 P.2d 496 (Colo. 1993). Finally, in ascertaining the legislative intent we may look to legislative history for guidance. *See Martin v. Montezuma–Cortez School District RE–1, supra.*

In 1977, the General Assembly adopted a special statute of limitations addressing medical malpractice claims. An exception to the two-year limitation was made for "person[s] under disability." A person under disability was defined as "a minor under six years of age, a person under the age of eighteen

years who does not have a *natural or legal guardian,* a mental incompetent, or a person under any other legal disability." Colo.Sess. Laws 1977, ch. 198, § 13–80–105(3) at 817 (emphasis supplied); *see Tenney v. Flaxer,* 727 P.2d 1079 (Colo.1986) (fn. 3).

In 1986, the General Assembly repealed that statute and enacted a general statute of limitations which provided that all actions against any hospital, doctor, or other person involved in the healing arts must be commenced within two years after the cause of action accrued. Colo.Sess.Laws 1986, ch. 114, § 13–80–102(1)(c) at 696. No provisions were included in the 1986 law specifically addressing minors or other persons under disability.

The first proposed version of the current statute was designated as H.B. 1078 and was presented for consideration by the General Assembly in 1988. The initial "bill summary" indicated that the purpose of the legislation was to reinstate certain former provisions of the 1977 statute that had been inadvertently omitted during the 1986 session of the General Assembly. The summary further indicated that the bill recognized a "natural guardian (parent)" to the same extent as a legal guardian for purposes of defining a "person under disability." And, the proposed bill originally included the same definition of persons under disability as that appearing in the 1977 statute. *See Appendix.*

In legislative hearings before the House and the Senate addressing H.B. 1078, however, various concerns were expressed relative to imposing upon a natural parent the obligation to ensure that a claim on behalf of a minor was presented in a timely fashion. Specifically, the bill was criticized because an irresponsible parent who had little or no interest in the child could allow a valid claim to be time barred. *See* Tape Recording of Testimony before House State Affairs Committee concerning H.B. 1078 (January 12, 1988, 56th General Assembly); Tape Recording of Testimony before Senate Committee on Business Affairs and Labor concerning H.B. 1078 (March 2, 1988, 56th General Assembly).

Subsequent to those hearings, the bill was revised and the language concerning natural guardians was deleted. Section 13–80–102.5 was then adopted in its present form. A similar revision was made to § 13–81–101(3) prior to adopting that provision in its present form. *See Appendix.*

■ Applying the referenced principles of statutory construction, we hold that § 13–80–102.5(3)(d)(I) applies to minors under the age of six years when the negligence occurs only if the child is represented by a legal guardian. Otherwise, a child who is age seven at the time the alleged negligence occurred would not be subject to the two-year limitations period while a five-year-old child would. We can perceive no reason why the General Assembly would have intended this absurd result.

We find further support for our conclusion in the fact that, as noted, the references to "natural guardian" were deleted from the original version of the 1988 law thus in effect defining all minors as individuals under 18 years of age who do not have a legal guardian. Further, a minor is not competent to file a claim prior to reaching age 18. Section 13–22–101(1)(c).

### B

■ Contrary to defendant's contention, we further conclude that the three-year period of response contained in the statute does not bar plaintiffs' claim. We view the decision of our supreme court in *Southard v. Miles,* 714 P.2d 891 (Colo.1986) as dispositive of this contention.

In *Southard,* the court concluded that under the 1977 version of the statute, the tolling period for mental incompetents applied both to the two-year limitation period and the three-year period of repose. The court did so because of the language of § 13–81–103 which provides that the statute is intended to apply to "any" statute of limitations in this state unless a conflicting special statute provides otherwise.

We must presume that the General Assembly was aware of this construction of § 13–81–103 at the time § 13–80–102.5 was adopted. *See Ablin v. Richard O'Brien Plastering Co.,* 885 P.2d 289 (Colo.App.1994).

On this basis, we conclude, therefore, that the three-year period of repose does not apply. As the *Southard* court pointed out, had the General Assembly intended to except the three-year statute of repose it would have so stated.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

PLANK and NEY, JJ., concur.

### APPENDIX

[House Bill 1078, 56th General Assembly, 2d Regular Session]

CONCERNING THE STATUTES OF LIMITATIONS FOR THE COMMENCEMENT OF CIVIL ACTIONS IN COLORADO, AND IN CONNECTION THEREWITH REINSTATING THE STATUTE OF REPOSE FOR ACTIONS INVOLVING HEALTH CARE AND AMENDING THE DEFINITION OF PERSONS UNDER A DISABILITY, AND THE PROVISIONS RELATING TO THE ACCRUAL OF CERTAIN CAUSES OF ACTION.

#### Bill Summary

(Note: *This summary applies to this bill as introduced and does not necessarily reflect any amendments which be subsequently adopted.*)

Reinstates former provisions of the statutes of limitations which were omitted in the omnibus statute of limitations revision bill of the 1986 session. Such provisions include: 1) Reinstating the statute of repose, and the exceptions (knowing concealment and leaving an unauthorized foreign object in the patient's body) and the special provisions for minors thereto, for actions against physicians, hospitals, and other health care providers; and 2) Recognizing a natural guardian (parent) to the same extent as a legal guardian for purposes of defining a "person under disability".

Specifies that a cause of action accrues for injury to person, property, reputation, possession, relationship, or status on the date the injury is discovered or should have been discovered rather than on the date both the injury and its cause are known or should have been known.

*Capital letters indicate new material to be added to existing statute*

### APPENDIX

*Be it enacted by the General Assembly of the State of Colorado:*

SECTION 1. 13–80–102(1)(c), Colorado Revised Statutes, 1987 Repl.Vol., is amended to read:

13–80–102. *General limitation of actions— two years—special limitations for actions against health care providers.* (1)(c)(1) All actions, regardless of the theory asserted, against any hospital, health care facility, clinic, physician, nurse, dentist, chiropractor, veterinarian, practitioner, therapist, technician, midwife, pharmacist, optometrist, podiatrist, paraprofessional, or other person involved in any of the healing arts; EXCEPT THAT IN NO EVENT MAY SUCH ACTION BE INSTITUTED MORE THAN THREE YEARS AFTER THE ACT OR OMISSION WHICH GAVE RISE THERETO, SUBJECT TO THE FOLLOWING EXCEPTIONS:

(A) IF THE ACT OR OMISSION WHICH GAVE RISE TO THE CAUSE OF ACTION WAS KNOWINGLY CONCEALED BY THE PERSON COMMITTING SUCH ACT OR OMISSION OR IF SUCH ACT OR OMISSION CONSISTED OF LEAVING AN UNAUTHORIZED FOREIGN OBJECT IN THE BODY OF THE PATIENT, THEN SUCH ACTION MAY BE INSTITUTED WITHIN TWO YEARS AFTER THE PERSON BRINGING THE ACTION DISCOVERED, OR IN THE EXERCISE OF REASONABLE DILIGENCE AND CONCERN SHOULD HAVE DISCOVERED, THE ACT OR OMISSION;

(B) IF THE ACTION IS BROUGHT BY OR ON BEHALF OF A MINOR WHO WAS UNDER SIX YEARS OF AGE ON THE DATE OF THE OCCURRENCE OF THE ACT OR OMISSION FOR WHICH SUCH ACTION IS BROUGHT, THEN

SUCH ACTION MAY BE INSTITUTED WITHIN TWO YEARS AFTER SAID MINOR REACHES SIX YEARS OF AGE.

*APPENDIX*

(II) THE LIMITATIONS PERIOD PROVIDED FOR IN SUBPARAGRAPH (I) OF THIS PARAGRAPH (c) SHALL NOT RUN DURING ANY PERIOD WHEN THE SAID MINOR IS UNDER THE AGE OF EIGHTEEN YEARS AND HAS NO NATURAL OR LEGAL GUARDIAN. IF THERE IS NO NATURAL OR LEGAL GUARDIAN, SUCH ACTION MAY BE INSTITUTED BY OR ON BEHALF OF SAID MINOR WITHIN TWO YEARS AFTER A LEGAL GUARDIAN IS APPOINTED BY A COURT OF RECORD OR WITHIN TWO YEARS AFTER THE PERSON UNDER DISABILITY REACHES EIGHTEEN YEARS OF AGE, WHICHEVER OCCURS FIRST. IF THERE IS NO NATURAL OR LEGAL GUARDIAN, THE LIMITATIONS PERIOD SHALL NOT RUN UNLESS A GUARDIAN AD LITEM IS APPOINTED TO REPRESENT THE MINOR CHILD.

(III) FOR PURPOSES OF THIS PARAGRAPH (c) ONLY, "PERSON UNDER DISABILITY" MEANS A MINOR UNDER SIX YEARS OF AGE, A PERSON UNDER THE AGE OF EIGHTEEN YEARS WHO DOES NOT HAVE A NATURAL OR LEGAL GUARDIAN, A MENTAL INCOMPETENT, OR A PERSON UNDER ANY OTHER LEGAL-DISABILITY.

SECTION 2. 13–80–108(1), Colorado Revised Statutes, 1987 Repl.Vol., is amended to read:

13–80–108. *When a cause of action accrues.*

(1)(a) EXCEPT AS PROVIDED IN PARAGRAPH (b) OF THIS SUBSECTION (1), a cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to accrue on the date both the injury and ~~its cause~~ THE FACT THAT IT WAS NEGLIGENTLY CAUSED BY THE ACTS OF ANOTHER are known or should have been known by the exercise of reasonable diligence.

(b) A CAUSE OF ACTION FOR INJURY TO PERSON BROUGHT UNDER

*APPENDIX*

SECTION 13–80–102(1)(c) SHALL BE CONSIDERED TO ACCRUE ON THE DATE THE INJURY IS DISCOVERED OR SHOULD HAVE BEEN DISCOVERED BY THE EXERCISE OF REASONABLE DILIGENCE AND CONCERN.

SECTION 3. 13–81–101(3), Colorado Revised Statutes, 1987 Repl.Vol., is amended to read:

13–81–101. *Definitions.* (3) EXCEPT AS PROVIDED IN SECTION 13–80–102(1)(c), "person under disability" means any person who is a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a NATURAL OR legal guardian.

SECTION 4. *Effective date—applicability.* This act shall take effect July 1, 1988, and shall apply to acts or omissions occurring on or after said date.

SECTION 5. *Safety clause.* The general assembly hereby finds, determines, and declares that this act is necessary for the immediate preservation of the public peace, health, and safety.