Gretchen May SHELTON and Carroll Shelton, Petitioners,

v.

PENROSE/ST. FRANCIS HEALTHCARE SYSTEM, a Colorado corporation, Respondent.

No. 98SC383.

Supreme Court of Colorado,
En Banc.

June 28, 1999.

Joe Orell, Colorado Springs, Colorado, Lloyd C. Kordick, Colorado Springs, Colorado, Attorneys for Petitioners.

Long & Jaudon, P.C., David H. Yun, Michael T. McConnell, Christine A. Craigmile, Denver, Colorado, Attorneys for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

We granted certiorari to review a decision of the court of appeals reversing a trial court determination that a certificate of review was not required in this action against a hospital. The court of appeals also reversed the subsequent determinations of the trial court that the plaintiff had shown good cause for not having timely filed a certificate of review and that the plaintiff had submitted expert reports that satisfied the purposes of the statute. The court of appeals reasoned that a plaintiff who fails to secure a certificate of review is subject to reversal if the plaintiff induces the trial court to err in concluding that no certificate is required. *See Shelton v. Penrose–St. Francis Healthcare System,* 968 P.2d 132, 136 (Colo.App.1998).

We hold that the trial court determination that the plaintiff could establish a prima facie case without the use of expert testimony, and therefore need not submit a certificate of review, is not an abuse of discretion because the position of the plaintiff had arguable merit. We also hold that it was improper for

the trial court to accept Shelton's expert reports in place of a certificate of review, but that such acceptance had no impact on the defendant. We will not disturb the verdict based on Shelton's failure to file under these circumstances. Accordingly, we reverse the judgment of the court of appeals.

## I.

In 1982, petitioner Gretchen Shelton fractured her hip and had replacement surgery. In 1988, she fractured her femur near her hip prostheses, which resulted in the frequent and spontaneous dislocation of her hip prostheses. On April 22, 1992, Shelton had another hip replacement surgery at the Penrose–St. Francis Healthcare System (Penrose). Shelton's femur fractured during the second surgery. Post operation, Shelton was fitted with a brace to prevent a posterior dislocation of her hip.

Six days after surgery, Shelton was transferred to the rehabilitation floor of the hospital. During physical therapy, Shelton's brace was removed by hospital employees and was not replaced. When the physical therapy session was completed, Shelton returned to her room where she fell asleep in a chair. While she was asleep, two nurses proceeded to move her from the chair to her bed. They failed to wake Shelton or to replace her brace. As a result, Shelton experienced extreme pain and suffered another dislocation of her hip.

In October of 1993, Shelton brought a complaint against Penrose under a theory of respondeat superior [1], alleging that the nurses improperly lifted her from her chair, and that this action caused her to suffer pain and to dislocate her hip. Penrose moved to dismiss the complaint in May of 1994, contending that section 13–20–602(4), 6A C.R.S. (1992 Supp.), required dismissal of Shelton's claim because she failed to file a certificate of review verifying that an expert had reviewed the claim and found it meritorious. Shelton responded to the motion in June of that year, asserting that the statute was inapplicable to her claim. Shelton maintained that expert testimony was unnecessary to establish her prima facie case because her claim was based on the theory of res ipsa loquitur.[2] She also asserted that her injury was so obvious and non-technical that lay jurors could find negligence without hearing expert testimony. Furthermore, Shelton submitted curricula vitae from two registered nurses demonstrating their status as experts and their opinions that the conduct and manner in which Penrose employees transferred the plaintiff fell below the standard of care and resulted in the injury sustained by the plaintiff.

The trial court denied the hospital's motion to dismiss. The court found that Shelton could prove her prima facie case without expert testimony, that she established good cause for a late filing, and that she had endorsed an expert witness to testify that the care provided was below the standard of care.[3] Penrose subsequently filed a second

1. We recently granted certiorari to review *Neito v. People* a case that deals with whether the provisions of section 13–20–602 apply to suits against hospitals or are effectively limited to suits against individual licensed healthcare professionals. In the present case, this issue has not been raised and we decline to address it.

2. Res ipsa loquitur applies to a malpractice claim only "when it is judicially determined that a particular unexplained occurrence creates a prima facie case of negligence without proof of specific misconduct." *Kitto v. Gilbert*, 39 Colo. App. 374, 380, 570 P.2d 544, 548 (1977). If applicable, the proof of the circumstances necessary for application of this doctrine "takes the place of evidence of specific negligence." *Id.*

3. The trial court found:
 ... there may be sufficient evidence for the Plaintiffs to establish a prima facie case for

presentation to the jury on the theory of negligence without expert testimony in that the average layman juror should be able to rule on the issue of negligence by the Defendants' employees without testimony. In this regard the court will not order the plaintiffs to introduce expert testimony in support of their claims based on negligence.
 However, the court notes that the Plaintiffs have, in fact, endorsed an expert on nursing practice who is expected to testify that the conduct and the manner in which the Defendant's employees transferred the Plaintiff from the chair to the bed, fell below the standard of care and resulted in the injury sustained by her.
 Accordingly, Defendant's Motion to Dismiss for Failure to File a Certificate of Review is hereby denied in that the Plaintiffs have shown good cause for failure to file the Certificate

identical motion to dismiss after the case was reassigned to another trial judge. The motion was denied. At trial, Shelton presented expert testimony. Penrose raised the motion to dismiss a third time at the close of evidence in a motion for directed verdict. The third motion was also based on the plaintiff's failure to file a certificate of review. The trial court again denied the motion. The trial court ultimately decided not to submit a res ipsa loquitur instruction to the jury. The jury returned a verdict of $176,018.00 for Shelton.

The court of appeals reversed the trial court because Shelton had failed to meet the requirements of section 13–20–602 by failing to submit a certificate. *See Shelton*, 968 P.2d at 136. The court reasoned that by incorrectly anticipating that she would not rely upon expert testimony, Shelton induced the trial court to err in holding that no certificate was required. *See id.*

## II.

In order to determine whether the trial court committed reversible error, we look to the statute and recent case law. Section 13–20–602 provides that:

> In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party within sixty days after the service of complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown.

§ 13–20—602(1), 6A C.R.S. (1987)(1992 Supp.).

Subsection 602(1) requires a plaintiff to file a certificate of review within sixty days of the service of the complaint for any claim based on allegations of professional negligence that require expert testimony to establish a prima face case. *See Martinez v. Badis*, 842 P.2d 245, 250 (Colo.1992). If a plaintiff determines that expert testimony is not required, no certificate need be filed. *See id.* at 251. If a plaintiff determines that expert testimony is required but that timely filing is not possible, the plaintiff must request an order extending the filing period for good cause. *See id.* In the event that neither a certificate nor a motion to extend the filing period is filed within the sixty day period, a defendant has two options: move, pursuant to subsection 602(4), to dismiss the case; or move, pursuant to subsection 602(2), to require the plaintiff to file a certificate. In either context, the plaintiff may demonstrate that no expert testimony is required. *See Martinez*, 842 P.2d at 251.

### A.

Shelton claimed, and the trial court initially agreed, that she was excused from submitting a certificate because she could establish a prima facie case without expert testimony. In *Martinez* we determined that a certificate of review is necessary only with respect to those claims of professional negligence which require the plaintiff to establish a prima facie case by means of expert testimony. *See Martinez*, 842 P.2d at 249.[4] Therefore, if a plaintiff determines that expert testimony is not required, no certificate need be filed. *See id.* If the trial court agrees that expert testimony may not be necessary and permits the claim to proceed without a certificate, the plaintiff should be able to rely upon the decision of the trial

---

within the prescribed sixty day statutory period. The court further notes that Plaintiffs have, in fact, endorsed a nurse expert.

4. The decision in *Martinez* was based on the 1987 version of the statute. The statute was amended in 1989. Section 13–20–602(4) originally provided that failure to file a certificate of review was merely "grounds" for dismissal. *See* § 13–20–602(4), 6A C.R.S. (1987). The legislature amended the statute in 1989 so that failure to file a certificate of review in accordance with

the statute "shall result in the dismissal" of a claim. § 13–20–602(4), 5 C.R.S. (1998). The amendment is only applicable to situations in which the court decides that the plaintiff should have submitted a certificate and the plaintiff has not demonstrated good cause for late filing. Accordingly, the amendment is not applicable to the instant claim because the court initially found that no expert testimony was necessary, and ultimately found that Shelton had demonstrated good cause for late filing. *See id.*

court. Otherwise, a plaintiff would need to file a certificate, despite the relief afforded by the trial court, in order to protect herself against dismissal of her action upon appellate review. Therefore, the decision of the trial court that a claim may proceed without the filing of a certificate of review will not be disturbed upon appellate review unless the plaintiff's theory was without arguable merit. If the reasons proffered by the plaintiff for not filing a certificate of review have arguable merit, the trial court acts within its discretion when it does not require a certificate.

It is only in unusual circumstances that a medical malpractice claim can be proven without the presentation of expert medical opinion to establish the proper standard of care against which the professional's conduct is to be measured. However, some claims of professional negligence do not require expert testimony. *See Gorab v. Zook,* 943 P.2d 423, 427 (Colo.1997).

 Shelton argued that proof of her prima facie case did not require expert testimony because her claim was premised upon a theory of res ipsa loquitur. In order for a case to be submitted to a jury on a theory of res ipsa loquitur, circumstantial evidence must be such that it is more likely than not that the event was caused by negligence. *See Holmes v. Gamble,* 655 P.2d 405, 408 (Colo.1982). Here, to maintain a theory of res ipsa loquitur, the circumstantial evidence that Shelton provided must have been such that it was more likely that the fracture was caused by the negligence of the nurses than that it was not.

At the time Penrose filed its Motion to Dismiss, the trial court had the depositions of Shelton, her daughter and the doctor who performed her surgery describing Shelton's state prior to the transfer and immediately afterwards. Furthermore, there was no evidence available to suggest that Shelton experienced the fracture between the time of the surgery and the time she was transferred from the chair to the bed. Nor was there any evidence that the fracture occurred between the time of the transfer and the time the fracture was discovered. The trial court's determination that Shelton could potentially establish a prima facie case without

expert testimony, which was based on the aforementioned information, was within its discretion because Shelton's theory had arguable merit. However, based on additional information provided after the close of evidence at trial, the court reevaluated its decision and concluded that a res ipsa loquitur instruction was inappropriate. The court based its decision on additional information that included testimony from the defense that the nurses in question transferred Shelton properly, and that the fracture could have happened under other circumstances.

The trial court did not conclude that it had incorrectly assessed the information available to it originally, but that based on additional information such an instruction was inappropriate. "I just don't feel that after all the dust has cleared here, having had a chance to sit through the trial and listen to all of the evidence, that there should be a presumption of negligence on the part of the defendant."

The court's initial finding that the plaintiff could present a prima facie case without expert testimony could not have been based upon the evidence that was finally introduced at trial, but was based on the information that was provided to the court at the time of the motion to dismiss. We have reviewed the decision of the trial court on the basis of the information made available to the trial court at the time of the initial motion to dismiss. Based on that information, Shelton's assertion that she could establish a prima facie case absent expert testimony had arguable merit. Accordingly, the trial court's initial finding, that Shelton need not submit a certificate of review, did not constitute an abuse of discretion.

## B.

The trial court had subsequent opportunities to require a certificate of review, therefore, we proceed to address the determinations that there was good cause for late filing and that filing had been effectively accomplished.

In ruling on the hospital's motion to dismiss, the trial court found, pursuant to section 13–20–602(1), that Shelton had good cause for late filing. A plaintiff who neglects

to file a certificate of review within the statutorily mandated time period may be afforded additional time to file a certificate if "a longer period is necessary for good cause shown." § 13–20–602(1), 6A C.R.S. (1987).

Here, the trial court found that Shelton's good faith belief that her claim could be established without expert testimony constituted good cause. This decision was reasonable considering that the trial court initially agreed with Shelton that her prima facie case could potentially be established without expert testimony.

■ Although the trial court determined that Shelton had shown good cause for not filing a certificate within the statutorily mandated time period, it did not demand that she submit a certificate. Instead, the trial court accepted the submission of the expert reports provided by Shelton in response to Penrose's motion to dismiss in place of a certificate.

■ It was improper for the trial court to accept the expert reports submitted by Shelton in place of a certificate of review. However, because Shelton's failure to file a certificate did not impact Penrose in any way, we will not set aside a proper verdict on the basis of such error. The purpose of a certificate of review is to demonstrate that the plaintiff has consulted a person who has expertise and that such person has concluded that the plaintiff's claim is meritorious. *See* §§ 13–20–602(3), 6A C.R.S. (1987); 13–17–102(4), 6A C.R.S. (1987). Specifically, the statute aids in avoiding unnecessary time and costs in defending professional negligence claims, weeding out frivolous claims and putting a defendant on notice of the development of the theory of the case. *See Martinez*, 842 P.2d at 250.

According to section 13–20–602(3)(a):

A certificate of review shall be executed by the attorney for the plaintiff or complainant declaring:

(I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and

(II) That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts relevant to the allegations of negligent conduct and based on such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13–17–102(4).[5]

§ 13–20–602(3)(a), 6A C.R.S. (1987).

In response to Penrose's Motion to Dismiss, Shelton submitted reports from two registered nurses, Burwell and Johnston. Both nurses submitted resumes that demonstrated years in the field of nursing, qualifying them both as experts. Burwell reviewed Shelton's medical records, the nursing services progress notes, Shelton's deposition, the deposition of the doctor that performed Shelton's surgery and the deposition of Shelton's daughter. In her report she documented: "I feel that within a reasonable degree of medical probability, the patient sustained the injury of hip dislocation because of incorrect lifting technique and improper transfer technique utilized by the nursing staff."

Nurse Johnston reviewed Shelton's deposition, Shelton's husband's and daughter's depositions, the deposition of the doctor who performed Shelton's surgery, the depositions of the two nurses responsible for Shelton's care at the time of the transfer and Shelton's medical records. She surmised that "in my professional opinion from the information ... and documents I've reviewed for this case, I can say that the nurse involved did not follow the standards of practice for this situation." *See id.*

Although we disapprove of the trial court's failure to require the filing of a certificate of review, in this case, the information provided by Shelton in the expert reports gave Penrose all of the information that it would have received pursuant to a certificate of review. The response to the motion to dismiss indicated that Shelton's attorney had consulted a person with expertise in the area of alleged negligent conduct. The expert reports clearly indicated that the experts had reviewed

---

**5.** Section 13–17–102(4) defines "lacked substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious." § 13—17–102, 6A C.R.S. (1987).

the known facts and based on such facts, had concluded that Shelton's claim did not lack substantial justification, in that the defendant's employees had acted negligently and that such negligent conduct had caused Shelton's injuries.

The reports Shelton filed assured the defendant that the plaintiff had investigated her claim and put Penrose on notice of the theory of her case. If the trial court had properly required the late filing of a certificate, no additional information would have been provided to Penrose, due to the timing of such a late filing relative to the progress of the case. Accordingly, although we disapprove of the trial court's acceptance of Shelton's expert reports in lieu of a certificate, the procedure employed here did not impact the defendant. We will not reverse on the basis of such error in these circumstances.

### III.

In sum, the trial court had discretion to determine whether Shelton could establish a prima facie case without expert testimony. Such a determination does not constitute an abuse of discretion absent a showing that the plaintiff's theory lacked arguable merit. Furthermore, although it was improper for the trial court to accept Shelton's expert reports in lieu of a certificate, we will not reverse on this basis because the failure to require the filing of a late certificate of review did not impact the defendant in this case. Accordingly, we reverse the judgment of the court of appeals and remand to the court of appeals for further proceedings consistent with this opinion.

Justice SCOTT and Justice BENDER do not participate.