Kenneth E. YADON, Plaintiff–Appellant,

v.

Stanton E. SOUTHWARD,
Defendant–Appellee.

No. 01CA1420.

Colorado Court of Appeals,
Div. A.

Oct. 10, 2002.

Certiorari Denied Feb. 24, 2003.

Kenneth E. Yadon, Pro se.

Ewing & Ewing, P.C., Laurence B. James, Englewood, Colorado, for Defendant–Appellee.

Opinion by Justice KIRSHBAUM.[*]

In this medical malpractice action, plaintiff, Kenneth E. Yadon, appeals the judgment dismissing his complaint against defendant, Stanton E. Southward, based on his failure to file a timely certificate of review. We affirm in part, reverse in part, and remand with directions.

[*] Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Defendant performed surgery on one of plaintiff's toes. Alleging that his toe did not heal properly because of defendant's negligent conduct, plaintiff, proceeding pro se, brought this action.

Defendant moved to dismiss the complaint based on plaintiff's failure to file a certificate of review pursuant to § 13–20–602, C.R.S. 2002. Defendant also filed an affidavit stating that the treatment afforded plaintiff satisfied the standard of care applicable to podiatrists.

Shortly thereafter, plaintiff filed a verified certificate of review accompanied by documents relating to a Podiatry Board disciplinary proceeding addressing defendant's records of plaintiff's treatment. The certificate contained the statement that a physician contacted by plaintiff had concluded that plaintiff's claim "did not lack substantial justification within the meaning of section 13–17–201(4)."

Based on concerns about certain statements contained in documents filed by plaintiff, the court on June 11, 2001, ordered plaintiff to identify within ten days the physician he had consulted and obtain an affidavit from the physician verifying the contents of the certificate of review.

On June 21, 2002, plaintiff requested a sixty-day extension of time within which to comply with the trial court's June 11 order, explaining that the physician had objected to signing an affidavit and arguing that, because the medical records previously submitted demonstrated defendant's negligent conduct, an extension of time was warranted. Plaintiff also argued that the certificate of review requirement did not apply to nonattorney pro se litigants.

The trial court found that plaintiff had not established good cause for a late filing of the certificate of review and granted defendant's motion to dismiss.

## I.

Plaintiff contends that the trial court erred in determining that the certificate of review statute governs actions brought by nonattorney pro se litigants. We do not agree.

When construing a statute, courts must ascertain and give effect to the intent of the General Assembly and must refrain from rendering judgments that are inconsistent with that intent. *Farmers Ins. Exch. v. Bill Boom Inc.*, 961 P.2d 465 (Colo.1998). To determine that intent, we look first to the plain language of the statute. If we can give effect to the ordinary meaning of words used by the legislature, then the statute should be construed as written. *Askew v. Indus. Claim Appeals Office*, 927 P.2d 1333 (Colo. 1996).

We are further obligated to construe an entire statutory scheme in a manner that gives consistent, harmonious, and sensible effect to all its parts. *Martinez v. Cont'l Enters.*, 730 P.2d 308 (Colo.1986). It is presumed that "[t]he entire statute is intended to be effective" and that "[a] just and reasonable result is intended." Section 2–4–201(1)(b), (c), C.R.S.2002. Consequently, a reviewing court must follow the statutory construction that best effectuates the intent of the General Assembly and the purposes of the legislative scheme. *See Martin v. Montezuma–Cortez Sch. Dist. RE–1*, 841 P.2d 237 (Colo.1992).

In adopting the certificate of review provisions, the General Assembly declared its intent as follows: "[T]he certificate of review requirement should be utilized in civil actions for negligence brought against those professionals who are licensed by this state to practice a particular profession and regarding whom expert testimony would be necessary to establish a prima facie case." Section 13–20–601, C.R.S.2002.

This broad language refers to civil actions generally; it is not limited to civil actions in which a plaintiff is represented by an attorney. Similar broad language is contained in § 13–20–602(1)(a), C.R.S.2002, which requires the filing of a certificate of review in "every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional."

In *State v. Nieto*, 993 P.2d 493, 502 (Colo. 2000), the supreme court emphasized in another context that, based on its review of relevant legislative history, the certificate of

review statute addresses "*all* civil actions for professional negligence."

■ These provisions are designed to avoid unnecessary time and costs in defending professional negligence claims and to weed out frivolous claims at an early stage of the judicial process. *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 628 (Colo.1999). To conclude, as plaintiff contends, that civil actions alleging negligence by licensed professionals filed by nonattorney pro se plaintiffs are exempt from the requirement of filing a certificate of review would produce a result that is both anomalous and contrary to the broad intent clearly expressed by the General Assembly. Statutes are to be construed in a manner to further, not contravene, the clearly expressed legislative intent. *State v. Nieto, supra.*

Plaintiff relies on the provisions of § 13–20–602(1)(a) and (3)(a), C.R.S.2002, to support his argument.

Section 13–20–602(1)(a) provides in pertinent part as follows:

> In every action for damages or indemnity based upon the alleged professional negligence of ... a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each ... licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint ... against such person unless the court determines that a longer period is necessary for good cause shown.

Section 13–20–602(3)(a) contains the following language:

> A certificate of review shall be executed by the attorney for the plaintiff or complainant declaring:
>
> (I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and
>
> (II) That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the

review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13–17–102(4).

■ While these provisions refer to conduct by attorneys, they must be considered in light of and in conjunction with the overall statutory scheme and the purpose thereof. *See, e.g., Martin v. Montezuma–Cortez Sch. Dist. RE–1, supra.* It is also noteworthy that pro se litigants must adhere to rules of procedure applicable to attorneys. *Loomis v. Seely*, 677 P.2d 400 (Colo.App.1983).

The provisions of § 13–20–602(1)(a) and (3)(a) relied upon by plaintiff describe procedures to be followed to implement the broad purposes of the statute. Adoption of plaintiff's proposed construction of the statute would require the conclusion that the General Assembly intended to authorize nonattorneys to file frivolous law suits against licensed professionals and to ignore procedures statutorily required of attorneys. Such unreasonable results are to be avoided. *See* § 2–4–201(1)(c).

■ In view of the broad intent and the purpose of the statutory scheme adopted by the General Assembly, we conclude that the requirements of the certificate of review statute are applicable to civil actions alleging negligence of licensed professionals filed by nonattorney pro se plaintiffs. We also note that, although questions respecting the applicability of the statute were not at issue therein, a division of this court has acknowledged that pro se litigants are subject to its requirements. *See Rosenberg v. Grady*, 843 P.2d 25 (Colo.App.1992).

Based on the foregoing, we conclude that the trial court did not err in requiring plaintiff, a nonattorney pro se litigant, to file a certificate of review.

## II.

Plaintiff argues that the certificate of review statute is unconstitutionally vague because it does not clearly apply to actions brought by a nonattorney pro se litigant. Plaintiff did not raise this issue before the

trial court. Therefore, it is not properly before us for review. *See Colgan v. State,* 623 P.2d 871, 874 (Colo.1981).

## III.

■ Plaintiff also contends that the trial court erred in requiring him to obtain an affidavit from the physician he had consulted to prepare the certificate of review. We disagree.

Section 13–20–602(3)(b), C.R.S.2002, contains the following provision:

> The court, in its discretion, may require the identity of the ... licensed professional who was consulted pursuant to subparagraph (I) of paragraph (a) of this subsection (3) to be disclosed to the court and may verify the content of such certificate of review. The identity of the professional need not be identified to the opposing party or parties in the civil action.

Thus, § 13–20–602(3)(b) specifically permits the trial court to require disclosure of a professional's identity and verification of the contents of the certificate of review. We therefore conclude that the trial court did not err in requiring plaintiff to comply with those requirements.

■ We also reject plaintiff's contention that the trial court should have entered a case management order providing him with subpoena power so that he could compel the physician to verify the contents of the certificate of review. We note, however, that C.R.C.P. 45 sets forth the circumstances under which, and to whom, a subpoena may be issued. Accordingly, any failure of the court to enter a case management order did not affect plaintiff's ability to have the physician verify the contents of the certificate of review.

## IV.

■ We next address plaintiff's contention that the trial court erred in finding that he failed to establish good cause for the late filing of a certificate of review. We conclude that the trial court abused its discretion by not granting plaintiff additional time to file the certificate of review.

■ Section 13–20–602(1)(a) requires the filing of a certificate of review within sixty days of the service of the complaint. *See Martinez v. Badis,* 842 P.2d 245 (Colo.1992). If a timely filing is not possible, the plaintiff must request an order extending the filing period for good cause. *Shelton v. Penrose/St. Francis Healthcare Sys., supra.*

■ The determination of whether "good cause" exists for the late filing of a certificate of review is committed to the sound discretion of the trial court. *Hane v. Tubman,* 899 P.2d 332 (Colo.App.1995). In making this determination, the trial court should consider: (1) whether the neglect causing the late filing was excusable; (2) whether the moving party had alleged a meritorious defense or claim; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party. *Hane v. Tubman, supra.* The trial court may deny the motion for failure to satisfy any one of the three criteria. *Buckmiller v. Safeway Stores, Inc.,* 727 P.2d 1112 (Colo.1986); *Dunton v. Whitewater West Recreation, Ltd.,* 942 P.2d 1348 (Colo.App.1997). However, the trial court must consider all three criteria because evidence relating to one factor might shed light on another. *Buckmiller v. Safeway Stores, Inc., supra; Hane v. Tubman, supra.*

Here, as previously noted, on June 11, 2001, the trial court requested verification of plaintiff's certificate of review. Plaintiff timely requested an additional sixty days within which to file a certificate of review because the physician initially consulted indicated reluctance to participate further. However, the initial physician subsequently verified the accuracy of his medical records respecting his own treatment of plaintiff, which records contained the physician's observations respecting the inadequacy of defendant's conduct. Plaintiff could not have anticipated that the physician he initially consulted would later refuse to verify the certificate of review. Furthermore, there is no indication in the record that defendant would have been prejudiced by the delay in filing the certificate of review.

Based on the foregoing, we conclude that plaintiff established good cause for the late filing of his certificate of review. Accordingly, we conclude that the trial court abused its discretion in denying plaintiff's request for an extension of time within which to file a verified certificate of review and in dismissing the complaint for that reason.

## V.

■ We reject plaintiff's contention that he stated claims for lack of informed consent and battery for which a certificate of review is not required.

Plaintiff's complaint alleged only that defendant committed certain negligent acts; lack of informed consent and battery were not mentioned. Plaintiff did not seek to amend his complaint to add such theories. Under these circumstances, we conclude that the trial court properly found that plaintiff's claims were based in negligence.

■ Although not all claims of professional negligence require expert testimony, see Gorab v. Zook, 943 P.2d 423 (Colo.1997), plaintiff's claims here were based on defendant's failure to perform surgery properly. Expert testimony would be necessary to establish these claims. See Shelton v. Penrose/St. Francis Healthcare Sys., supra. We, therefore, conclude that the trial court did not err in requiring plaintiff to file a certificate of review with regard to the claims stated in his complaint.

The judgment is affirmed as to the trial court's determination that plaintiff's claims are claims of negligence, that the certificate of review statute is applicable to those claims, and that plaintiff is required to obtain an affidavit from the professional consulted. The judgment is reversed as to the court's refusal to grant plaintiff an extension of time, and the case is remanded to the trial court with directions to permit plaintiff to obtain a certificate of review within a reasonable time and to conduct such further proceedings as may be necessary.

Judge STERNBERG * concurs.

Judge TAUBMAN dissents.

Judge TAUBMAN dissenting.

Because I agree with plaintiff, Kenneth E. Yadon, that the certificate of review statute does not apply to actions brought by nonattorney pro se litigants, I respectfully dissent.

Yadon filed a pro se complaint against defendant, Stanton E. Southward, alleging that he negligently performed surgery on one of Yadon's toes. Although Yadon initially filed a certificate of review, which he had signed, alleging that he had consulted with a physician, the trial court dismissed this action after finding that Yadon had not established good cause for a late filing of a certificate of review signed by a physician. At the same time, Yadon contended that the certificate of review statute did not apply to him.

In interpreting the certificate of review statute, the court must apply the rules of statutory construction. When construing a statute, the court must ascertain and give effect to the intent of the General Assembly. State v. Nieto, 993 P.2d 493 (Colo.2000). To discern that intent, we must first examine the plain language of the statute. United Airlines, Inc. v. Indus. Claim Appeals Office, 993 P.2d 1152 (Colo.2000). In so doing, words and phrases should be given their plain and ordinary meaning, unless the result is absurd. Dover Elevator Co. v. Indus. Claim Appeals Office, 961 P.2d 1141 (Colo. App.1998).

Further, it is presumed that the General Assembly meant what it clearly said. Askew v. Indus. Claim Appeals Office, 927 P.2d 1333 (Colo.1996). To effectuate reasonably the legislative intent, a statute must be read and considered as a whole and should be interpreted to give consistent, harmonious, and sensible effect to all its parts. People v. Dist. Court, 713 P.2d 918 (Colo.1986).

Additionally, we are not to presume that the legislative body used language idly and with no intent that meaning should be given to it. See Colo. Ground Water Comm'n v. Eagle Peak Farms, 919 P.2d 212 (Colo.1996). We must respect the words chosen by the General Assembly. See Zamarripa v. Q & T Food Stores, Inc., 929 P.2d 1332 (Colo.1997).

The certificate of review requirements, which apply to actions against licensed pro-

fessionals, are contained in §§ 13–20–601 and 13–20–602, C.R.S.2002. As the majority notes, Yadon relies on § 13–20–602(1)(a) and (3)(a), C.R.S.2002, to support his argument.

Section 13–20–602(1)(a) provides in pertinent part as follows: "In every action for damages or indemnity based upon the alleged professional negligence of ... a licensed professional, *the plaintiff's or complainant's attorney shall file with the court a certificate of review* ...." (Emphasis added.)

Section 13–20–602(3)(a) provides in pertinent part: "*A certificate of review shall be executed by the attorney for the plaintiff or complainant* declaring: (I) *That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct* ...." (Emphasis added.)

In my view, these provisions contemplate that a certificate of review must be filed only in those actions in which a plaintiff is represented by an attorney. The above-quoted statutes should be interpreted as written, and that interpretation does not lead to an unreasonable result.

This is not the first time that the General Assembly has enacted separate statutory provisions for attorneys and nonattorney pro se litigants. In § 13–17–102, C.R.S.2002, which concerns the award of attorney fees for frivolous and groundless litigation, the General Assembly provided a standard for nonattorney pro se litigants different from that for other parties and attorneys representing them. *See* § 13–17–102(6), C.R.S. 2002 ("No party who is appearing without an attorney shall be assessed attorney fees unless the court finds that the party clearly knew or reasonably should have known that his action or defense, or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious; except that this subsection (6) shall not apply to situations in which an attorney licensed to practice law in this state is appearing without an attorney, in which case, he shall be held to the standards established for attorneys elsewhere in this article.").

Significantly, § 13–20–602(5), C.R.S.2002, provides that the certificate of review requirements "shall not affect the rights and obligations under section 13–17–102." This indicates to me that the General Assembly was well aware that if a negligence action were filed by a nonattorney pro se litigant against a licensed professional, § 13–17–102 would curtail the filing of frivolous and groundless actions.

Not only has the General Assembly differentiated between nonattorney pro se litigants and parties represented by attorneys, so too has the supreme court. *See* C.R.C.P. 16(b) (establishing different procedures for case management order for pro se parties and for parties represented by counsel).

Although the supreme court has held that both pro se litigants and those with lawyers are bound by the same rules of procedure and evidence, *see Viles v. Scofield,* 128 Colo. 185, 261 P.2d 148 (1953), this holding only applies when the rules are the same. It does not apply when the relevant rules or statutes expressly establish different procedures for represented and unrepresented litigants.

While there is broad language in *State v. Nieto, supra,* 993 P.2d at 502, that the certificate of review statute addresses "all civil actions for professional negligence," the supreme court there was concerned with a different issue—whether the statute applies when a plaintiff sues the employer of the licensed professional. After concluding that the certificate of review statutes were ambiguous, the court discussed the relevant legislative history, including the bill sponsor's remark that the bill was meant to supplement existing legislation "to prevent lawyers from bringing lawsuits against professionals that are without foundation." *State v. Nieto, supra,* 993 P.2d at 503 (quoting Hearing on H.B. 1201 Before the House Judiciary Committee, 56th General Assembly, First Regular Session, Mar. 3, 1987). These statements were echoed by Neil Hillyard, then president of the Colorado Trial Lawyers Association, who testified that the certificate of review bill was intended to prevent lawyers from filing frivolous litigation.

Thus, to the extent that the language in §§ 13–20–601 and 13–20–602 is ambiguous, the relevant legislative history indicates that the General Assembly intentionally specified that *attorneys* must file certificates of review.

While it may seem unreasonable at first blush that the General Assembly intended to exempt nonattorney pro se litigants from the certificate of review requirement, the proceedings in this very case demonstrate the wisdom of limiting the requirement to attorneys. Here, as noted, Yadon initially filed a certificate of review which he himself had signed. Yadon attempted as best he could to comply with his understanding of the certificate of review requirement by filing his own statement and attaching documents of a related Podiatry Board disciplinary proceeding addressing defendant's records of his treatment. He also indicated that he had contacted a physician who had concluded that his claim did not lack substantial justification. Because the trial court was dissatisfied with this attempt to comply with the certificate of review statutes, it required Yadon to obtain an affidavit from the physician to whom he had referred in his own certificate of review. Yadon encountered difficulty obtaining an affidavit from that physician and ultimately was unable to comply with the trial court's order to file a certificate of review signed by a physician within a short period. Yadon's problems may be similar to those of other pro se litigants.

Indeed, the difficulties encountered by judges in dealing with pro se litigants are well recognized. "Increasingly, judges are required to spend additional time in court providing explanations of the process and the legal system." Colorado Supreme Court Judicial Advisory Council, Committee on Pro Se Litigants, *Report* 6 (Apr.1998). That report in turn quoted a 1998 "Report of the Committee of Chief Judges on Litigants without Lawyers," noting that problems created for judges by pro se litigants "often cause unnecessary delays and drag out litigation over issues that could have been resolved in advance." Certainly, it is reasonable to assume that the General Assembly contemplated that the difficulty nonattorney pro se litigants would experience in attempting to comply with a certificate of review requirement was simply not worth the effort. At the same time, § 13–17–102(6) would adequately guard against frivolous actions by nonattorney pro se litigants.

If the plain words of the statute "[do] not correspond to the General Assembly's intent, it is for that body, not this court, to rewrite it." *Humane Soc'y v. Indus. Claim Appeals Office,* 26 P.3d 546, 548 (Colo.App.2001); *see also Martin v. People,* 27 P.3d 846, 848 (Colo. 2001)("[i]t is for the legislature, not the courts, to decide what laws best serve the public interest").

Accordingly, I would reverse the judgment and remand to the trial court with directions that Yadon be permitted to litigate this case without filing a certificate of review.