**RMB SERVICES, INC., and Sage & Vargo, P.C., Plaintiffs–Appellants,**

v.

**Robert J. TRUHLAR and Truhlar & Truhlar, L.L.P., Defendants–Appellees.**

**No. 05CA0854.**

Colorado Court of Appeals, Div. III.

Dec. 14, 2006.

Semler & Associates, P.C., R. Parker Semler, Matthew Nelson, Denver, Colorado, for Plaintiffs–Appellants.

Treece, Alfrey, Musat & Bosworth, P.C., Paul E. Collins, Michael L. Hutchinson, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge RUSSEL.

Plaintiffs, RMB Services, Inc., and Sage & Vargo, P.C., appeal the trial court's judgment in favor of defendants, Robert J. Truhlar and Truhlar & Truhlar, L.L.P. We reverse and remand with directions.

## I. Background

RMB and Sage & Vargo are separate entities owned by the same individuals. As pertinent here, RMB provided collection services to State Farm Mutual Automobile Insurance Company. Sage & Vargo provided legal services on behalf of RMB.

In 2001, State Farm terminated plaintiffs' services and demanded the return of its files. Plaintiffs sought legal advice from Robert Truhlar, who allegedly advised them to return all files immediately. Plaintiffs allege that they surrendered the files on Truhlar's advice, only to discover later that RMB had a right to retain some files under § 12–14–124, C.R.S.2006. Plaintiffs then hired an attorney, who recovered a settlement from State Farm for work that plaintiffs had performed.

In 2003, plaintiffs sued defendants for malpractice. Plaintiffs claimed that, as a result of Truhlar's negligent advice, they lost profits and interest and were forced to incur legal expenses to obtain payment for services rendered.

In March 2005, the trial court dismissed plaintiffs' complaint for failure to comply with the certificate of review statute, § 13–20–602, C.R.S.2006. On the day that it ordered dismissal, the court also granted summary judgment in favor of defendants.

Plaintiffs now challenge the order of dismissal and the order granting summary judgment. We agree that the orders were issued in error, and we therefore reverse the trial court's judgment.

## II. Order of Dismissal

 In every action for damages or indemnity based on the alleged negligence of a licensed professional, the plaintiff's attorney must file a certificate of review with the court. Section 13–20–602(1)(a), C.R.S.2006. The purpose of the certificate is "to demonstrate that the plaintiff has consulted with a person who has expertise in the area and that the expert consulted has concluded that the claim does not lack substantial justification." *Baumgarten v. Coppage*, 15 P.3d 304, 306 (Colo.App.2000). The certificate of review must be filed "within sixty days after the service of the complaint." Section 13–20–602(1)(a).

Here, the trial court ruled that plaintiffs failed to comply with § 13–20–602 in three ways: (1) plaintiffs' certificate failed to state the qualifications of the person consulted; (2) plaintiffs failed to file a separate certificate for each named defendant; and (3) plaintiffs' certificate was untimely.

We conclude that the court's ruling was flawed at each point.

## A. Expert's Qualifications

 To fulfill the requirements of § 13–20–602(3), C.R.S.2006, the plaintiff's attorney must declare the following: (1) he or she has consulted an expert; (2) the expert has reviewed the relevant information and has concluded that the plaintiff's claim does not lack substantial justification; and (3) the expert is competent and qualified to opine as to the negligent conduct alleged. *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 82 (Colo.2001).

A trial court may, in its discretion, order the plaintiff to produce additional information about the expert. *See* § 13–20–602(3)(b), C.R.S.2006 (court may require the identity of the consulted professional to be disclosed to the court; the identity need not be disclosed to the opposing party); *Redden v. SCI Colo. Funeral Servs., Inc., supra,* 38 P.3d at 82–83 (court would have had discretion to examine the experts' credentials for appropriate knowledge of the conduct at issue).

Here, plaintiffs' certificate contains the necessary declarations. Because the trial court did not request any supplemental information, plaintiffs cannot be faulted for failing to describe the expert's qualifications. Therefore, this aspect of the trial court's ruling was erroneous.

### B. Single Certificate

Under § 13–20–602(1)(a), a plaintiff must provide a certificate of review for "each ... licensed professional named as a party." Here, plaintiffs filed a single document that purports to apply to both defendants. According to plaintiffs' certificate, the expert reviewed the pertinent information and "concluded that the filing of the claim against Robert J. Truhlar and Truhlar & Truhlar, LLP does not lack substantial justification."

Because plaintiffs' claims against the law firm depend entirely on the alleged negligence of the individual lawyer, and because an expert qualified to evaluate the claims against one defendant would also be qualified to evaluate the claims against the other, we conclude that plaintiffs' single certificate satisfies the requirements of § 13–20–602(1)(a). *See State v. Nieto,* 993 P.2d 493, 504 (Colo. 2000) (the purpose of requiring a separate certificate of review for each licensed professional is to prevent plaintiffs from adding frivolous claims against multiple professionals). We therefore conclude that this aspect of the trial court's ruling was erroneous.

### C. Untimely Certificate

Plaintiffs acknowledge that their certificate was untimely. But they contend that the trial court did not properly exercise its discretion in deciding whether to excuse the late filing. We conclude that the matter must be remanded.

If a certificate of review is untimely, the trial court must determine whether there is good cause to excuse the late filing. *Martinez v. Badis,* 842 P.2d 245, 251 (Colo. 1992). To determine whether good cause exists, the trial court must consider (1) whether the neglect causing the late filing was excusable, (2) whether the moving party has alleged a meritorious claim or defense, and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party. *Hane v. Tubman,* 899 P.2d 332, 335 (Colo.App.1995).

The trial court may decline to accept a late certificate if the plaintiff fails to satisfy any of these criteria. However, the court must consider all three criteria because evidence relating to one factor might shed light on another. *Yadon v. Southward,* 64 P.3d 909, 913 (Colo.App.2002). In determining whether good cause exists, the trial court should be guided by the general rule favoring resolution of disputes on their merits. *Hane v. Tubman, supra,* 899 P.2d at 335 (citing *Craig v. Rider,* 651 P.2d 397 (Colo.1982)).

Here, the trial court's order of dismissal cannot be affirmed as a proper exercise of discretion because it evidences no consideration of the relevant factors. Plaintiffs' request was arguably meritorious because (1) the certificate was only eleven days late, and (2) defendants waited nearly a year before requesting the order of dismissal.

We therefore remand for consideration of the factors set forth in *Hane v. Tubman, supra.* The court may, in its discretion, conduct additional proceedings. *See Buckmiller v. Safeway Stores, Inc.,* 727 P.2d 1112 (Colo. 1986).

### D. Negligent Misrepresentation

Because it would limit the effect of the trial court's determination on remand, we address plaintiffs' contention that a certificate of review is not required for their claim of negligent misrepresentation. We reject this contention.

A certificate of review is required for any claim that is "based upon" the alleged negligence of a licensed professional. Section 13–20–602(1)(a). This includes "every claim that requires proof of professional negligence as a predicate to recovery, whatever the formal designation of the claim may be." *Baumgarten v. Coppage, supra,* 15 P.3d at 306–07.

Here, plaintiffs' claim of negligent misrepresentation rests on allegations that Truhlar (1) gave legal advice without knowing the applicable law and (2) failed to disclose that he had no expertise in the law governing collection agencies. These allegations reflect an underlying theory of professional negligence. In essence, plaintiffs' claim that Truhlar breached the professional duty of care that he owed to them. *See Bailey v. Huggins Diagnostic & Rehab. Ctr., Inc.,* 952

P.2d 768, 772 (Colo.App.1997) (negligent misrepresentation is a tort based on negligence).

Without expert testimony, a jury cannot determine whether Truhlar breached the professional duty of care that he owed to plaintiffs. Therefore, a certificate of review is required. *See Ehrlich Feedlot, Inc. v. Oldenburg,* 140 P.3d 265 (Colo.App.2006) (certificate of review was required where expert testimony was necessary to establish attorney's fiduciary duty).

### III. Summary Judgment

A motion for summary judgment should be granted only when the moving party has demonstrated that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. C.R.C.P. 56; *Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 613 (Colo.1999). We review the trial court's summary judgment ruling de novo. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.,* 74 P.3d 294, 298–99 (Colo. 2003).

The trial court granted summary judgment in favor of defendants because it concluded as a matter of law that RMB had no right to retain client files under § 12–14–124. We disagree with the court's conclusion.

Collection agencies are required to place certain language in their surety bonds:

> Said bond shall include a condition that the [agency] shall, upon written demand, turn over to the client any and all notes, valuable papers, or evidence of indebtedness which may have been deposited with said [agency] by the client, but such [agency] shall not be required to return any such papers, notes, or evidence of indebtedness on debts in process of collection, unless reimbursed by the client for the services performed on the debt so evidenced.

Section 12–14–124(6)(a), C.R.S.2006.

Here, RMB's surety bond contained the following language:

> WHEREAS, the purposes of this bond are to insure from and after the effective date thereof the payment of all collections less the charges for collection, in accordance with the terms of the agreement made between [RMB] and any claimant, and that [RMB] will upon written demand turn over to any claimant any and all notes, valuable papers, or evidence of indebtedness which may have been deposited with [RMB] by any such claimant.

For purposes of discussion, we assume, without deciding, that RMB's surety bond did not comply with § 12–14–124(6)(a) because it failed to advise potential clients that RMB was not required to return "papers, notes, or evidence of indebtedness on debts in process of collection, unless reimbursed by the client for the services performed on the debt so evidenced." We nevertheless conclude that this failure did not automatically divest RMB of the right to retain any of State Farm's files.

Section 12–14–124 contains no automatic penalty provision. Thus, if a collection agency fails to include in its surety bond all the language required by § 12–14–124(6)(a), the legal consequences would be determined in one of two ways: (1) by the collection agency board in an administrative action under the Colorado Fair Debt Collections Practices Act, § 12–14–101, et seq., C.R.S.2006; or (2) by a court in a civil action between the collection agency and its client.

■ Here, defendants do not allege, let alone show by undisputed evidence, that RMB's surety bond was the subject of a previous administrative action. And we cannot conclude as a matter of law that State Farm would have prevailed in a civil action against RMB based on the language of the surety bond: the bond purports to insure the payment of amounts collected "in accordance with the terms of the agreement made between [RMB] and any claimant"; and under the terms of a written contingency agreement between RMB and State Farm, RMB had the right to retain "excepted files" pending payment for services rendered.

We therefore conclude that defendants have failed to show that RMB had no right to retain any of State Farm's files. Accordingly, we conclude that the trial court erred in granting summary judgment.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge CASEBOLT and Judge GRAHAM concur.