The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
April 14, 2022

## 2022COA41

**No. 20CA1776, *Hunter v. SCL Health* — Professional Liability —
Medical Malpractice — Actions Against Licensed Professionals
and Acupuncturists — Certificate of Review**

A division of the court of appeals clarifies the certificate of

review requirements of section 13-20-602, C.R.S. 2021, in view of

the supreme court's opinion in *Redden v. SCI Colorado Funeral

Services, Inc.*, 38 P.3d 75 (Colo. 2001). The division also resolves a

legal issue of continuing public interest, discussing some of the

factors appellate courts may consider in deciding whether to

exercise their discretion to affirm on an alternative basis supported

by the record.

Court of Appeals No. 20CA1776
Jefferson County District Court No. 18CV31984
Honorable Laura A. Tighe, Judge

Frank "Kit" Hunter and Joan Hunter,

Plaintiffs-Appellants,

v.

SCL Health-Front Range, Inc., f/k/a Exempla, Inc., d/b/a Exempla Lutheran
Medical Center, and Taylor Scism, R.N.,

Defendants-Appellees.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE BERGER
Brown and Johnson, JJ., concur

Announced April 14, 2022

Fischer & Fischer, P.C., Ronnie Fischer, Jennifer K. Fischer, Lisa C. Secor,
Denver, Colorado, for Plaintiffs-Appellants

Hall & Evans, L.L.C., Chad K. Gillam, Jared R. Ellis, Andrew C. Nickel, Denver,
Colorado, for Defendant-Appellee SCL Health-Front Range, Inc.

Sharuzi Law Group, Ltd., Jacqueline Sharuzi-Brown, Denver, Colorado, for
Defendant-Appellee Taylor Scism, R.N.

¶ 1      In this medical malpractice action, plaintiffs, Frank "Kit" Hunter and Joan Hunter (collectively, plaintiffs), appeal the district court's judgment dismissing their case against Taylor Scism, R.N., and SCL Health-Front Range, Inc., f/k/a Exempla, Inc., d/b/a Exempla Lutheran Medical Center (the hospital).  Because the district court misapplied the law pertaining to certificates of review, we reverse.

## I.     Relevant Facts and Procedural History

¶ 2      Plaintiffs sued multiple parties — the hospital, a physician group, Scism, four other nurses, and three doctors — alleging that Mr. Hunter was injured by the negligent insertion of a catheter.  Sixty days after serving the complaint on the hospital, plaintiffs filed a certificate of review and motion for extension of time to submit a "final" certificate of review.  The district court granted the motion and extended the deadline to file a certificate of review to April 8, 2019.  Plaintiffs filed a certificate of review on April 8, 2019, (addressing the claims against certain defendants), which all parties agree was timely as to the hospital and Scism.  The certificate of review stated that plaintiffs had consulted a licensed physician.

¶ 3    Scism moved to dismiss under section 13-20-602(4), C.R.S. 2021, contending that plaintiffs failed to file a sufficient certificate of review.[1]  More than ten months later, apparently after the parties had disclosed at least some of their trial experts, the district court granted Scism's motion to dismiss.  The district court concluded that the certificate of review was insufficient because the consulting expert was not a nurse and because the certificate of review did not state that the consulting physician had a "firm grasp" on the nursing standard of care.

¶ 4    The hospital then moved to dismiss under section 13-20-602(4), contending that plaintiffs failed to file a sufficient certificate of review as to it.  The district court granted the motion "because Plaintiffs' claims against [the hospital] are all based on the nursing care provided and because the Court determined that the Certificates of Review were insufficient as to the nursing care

---

[1] Scism moved to dismiss prior to the deadline for submission of a certificate of review as to him.  Three of the defendant-nurses joined Scism's motion to dismiss.  Before the district court ruled on Scism's motion, the parties stipulated to the dismissal of the physician group, all three doctors, and two nurses, including one of the nurses who joined Scism's motion.  Plaintiffs do not appeal the judgment as to the two other nurses who joined Scism's motion to dismiss.

provided, the Certificates of Review are similarly not sufficient as to [the hospital]."

¶ 5     Having dismissed all remaining defendants who had not been dismissed by stipulation, the district court entered final judgment against plaintiffs.  Plaintiffs appeal the district court's judgment as to Scism and the hospital.

## II.    Applicable Law and Standard of Review

¶ 6     In every action for damages or indemnity based on the alleged professional negligence of a licensed professional, the plaintiff's attorney must file with the court "a certificate of review for each . . . licensed professional named as a party."  § 13-20-602(1)(a).  The certificate of review must be filed "within sixty days after the service of the complaint . . . unless the court determines that a longer period is necessary for good cause shown."  § 13-20-602(1)(a).  "The purpose of the certificate of review requirement is to demonstrate that the plaintiff has consulted with a person who has expertise in the area and that the expert consulted has concluded that the claim does not lack substantial justification."  *Baumgarten v. Coppage*, 15 P.3d 304, 306 (Colo. App. 2000).

¶ 7      To satisfy the requirements of section 13-20-602(3)(a), the

certificate of review must include the following declarations:

> (I)     That the attorney has consulted a person
> who has expertise in the area of the
> alleged negligent conduct; and
>
> (II)    That the professional who has been
> consulted pursuant to subparagraph (I) of
> this paragraph (a) has reviewed the
> known facts, including such records,
> documents, and other materials which
> the professional has found to be relevant
> to the allegations of negligent conduct
> and, based on the review of such facts,
> has concluded that the filing of the claim,
> counterclaim, or cross claim does not
> lack substantial justification within the
> meaning of section 13-17-102(4).[2]

¶ 8      In an action against a licensed professional other than a

physician, such as a nurse, the certificate of review must declare

"that the person consulted can demonstrate by competent evidence

that, as a result of training, education, knowledge, and experience,

the consultant is competent to express an opinion as to the

negligent conduct alleged." § 13-20-602(3)(c).[3]

---

[2] The certificate of review statute does not require a plaintiff to
submit evidence to support these declarations, but the declarations
are subject to the attorney's duties under C.R.C.P. 11(a).
[3] As noted, when the district court ruled on Scism's and the
hospital's motions to dismiss, no physician defendants remained.

¶ 9     Whether a certificate of review meets the requirements of section 13-20-602 is a matter of trial court discretion. *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 83 (Colo. 2001). A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if it misapplies the law. *Wesley v. Newland*, 2021 COA 142, ¶ 11.

## III.   Analysis

¶ 10    The April 8, 2019, certificate of review stated that plaintiffs' attorney had "consulted a person who has expertise in the area of the alleged negligent conduct," satisfying section 13-20-602(3)(a)(I).

¶ 11    The certificate of review further stated that the "person[] who was consulted has reviewed the facts in the case, and based on the review of such facts, the person who was consulted has concluded that the filing of the medical malpractice claim does not lack substantial justification." This declaration satisfies section 13-20-602(3)(a)(II).

¶ 12    Regarding the requirement that the person consulted can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent

to express an opinion as to the negligent conduct alleged, the

certificate of review further stated that

> [t]he person who was consulted is a licensed physician who is substantially familiar with the applicable standards of care and practice as they relate to the act or omission constituting the alleged medical malpractice as of the date of the malpractice, and the person consulted can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent to express an opinion as to the negligent conduct alleged.
>
> The person consulted has sufficient expertise in the area of inserting catheters, and in teaching others to insert catheters; the common problems seen by actions and omissions of nurses and supervising physicians who have not had specialized training in the subject; the necessary protocols to be used when an initial insertion is not successful, avoiding multiple tries; and calling in a specialist sooner than later when problems arise and/or are indicated; the indications and symptoms that the patient presented with, and how those show a problem related to cancer treatment or otherwise, which should alert the medical care providers at all levels that a collaboration is required to assess the patient's condition and ensure that he received appropriate care, and that a specialist was sufficiently notified that there was a problem before it became an emergency; and, that the facts of this case show that the patient was harmed by the Defendants' actions and omissions below the standard of care

6

under the circumstances, each contributing to the resulting harm.

¶ 13    In granting Scism's motion to dismiss, the district court relied on *Redden*. The certificate of review in *Redden* "was a mere one-paragraph statement that precisely mirrored section 13-20-602(3)(a)(I)-(II), [C.R.S. 2021]. It failed to declare the competency of the expert consulted, as required by paragraph 602(3)(c)." 38 P.3d at 82. As explicitly authorized by section 13-20-602(3)(b), the trial court in *Redden* exercised its discretion to verify the content of the certificate of review. *Id.*

¶ 14    The supreme court held that the trial court erred by finding the certificate of review insufficient because the consulted experts were not of the same profession or specialty as the defendant licensed professional. *Id.* at 82-83. "Nowhere does the statute require the consulted expert to be of precisely the same profession or specialty as the licensed professional against whom the charge is leveled." *Id.* at 82. The supreme court also explained that the statutory language

> "competent to express an opinion as to the negligent conduct alleged[]" precludes the use of an expert with only general knowledge in the field; rather, a proper expert has a *firm grasp*

7

> on the appropriate standards, techniques and practices within the profession or specialty about which he or she is opining.

*Id.* (emphasis added).

¶ 15    Based on this language from *Redden*, the district court held the certificate of review insufficient because it did "not state that Plaintiff consulted a registered nurse, nor . . . that the consulting physician has a firm grasp on the appropriate standard of care for nurses, as it relates to the techniques and procedures involved in inserting urological devices like catheters."

¶ 16    True, the certificate of review does not expressly state that plaintiffs' attorney consulted a nurse or that the consulted expert had a "firm grasp" on the appropriate standard of care for nurses. But *Redden* held that the certificate of review statute does *not* require the consulted expert to be of precisely the same profession or specialty as the defendant licensed professional. *Id.* Moreover, *Redden* does not require a certificate of review to *state* that the consulting expert has a "firm grasp" on the appropriate standards. *Id.* Indeed, the district court's reading of *Redden* as imposing a requirement to state that the expert is either a nurse or has a firm

grasp on the applicable standards essentially rewrites section 13-20-602 by including additional requirements.

¶ 17      The certificate of review requirement and the procedures governing certificates of review are entirely statutory. A court's proper function is to apply statutes as written. *People v. Weeks*, 2021 CO 75, ¶¶ 25-27 ("When the language of a statute is clear and unambiguous, we give effect to its plain and ordinary meaning 'and look no further.'" (quoting *Cowen v. People*, 2018 CO 40, ¶ 12)). Neither party asserts that section 13-20-602 is ambiguous, and we agree.

¶ 18      In recent years, Colorado courts have emphasized that the judiciary may not rewrite a statute to reach a "better" result. *See Weeks*, ¶ 45 (applying the criminal restitution statute as written and refusing to construe it to avoid restitution forfeitures); *Prairie Mountain Publ'g Co., LLP v. Regents of Univ. of Colo.*, 2021 COA 26, ¶ 17 (applying the words of the statute as written and declining to interpret the statute in a manner more protective of principles of open government).

¶ 19      Viewed in this light, we do not read the supreme court's opinion in *Redden* as imposing on a party filing a certificate of

review any obligations in addition to those prescribed in section 13-20-602.

¶ 20     Indeed, the facts in *Redden* are distinguishable from those in this case for two reasons: (1) plaintiffs' certificate of review declared the competency of the expert as required by section 13-20-602(3)(c); and (2) the district court did not exercise its discretion to require additional information from plaintiffs under section 13-20-602(3)(b).[4]  Under these circumstances, plaintiffs cannot be faulted for failing to further describe the expert's qualifications.  *See RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 675 (Colo. App. 2006).

¶ 21     The district court misapplied the law by imposing on plaintiffs obligations in addition to those prescribed in section 13-20-602. Accordingly, the court abused its discretion, and the judgment must be reversed.

---

[4] Plaintiffs argue that, even if the April 8, 2019, certificate of review is insufficient, other documents satisfy the statutory requirements. In light of our conclusion that the April 8, 2019, certificate of review is sufficient under section 13-20-602, C.R.S. 2021, we do not decide whether the district court could have or should have considered any of the other documents before dismissing the case.

10

## IV. We Decline to Exercise Our Discretion to Affirm on an Alternative Basis

¶ 22    Scism and the hospital alternatively argue that we should affirm the judgment because plaintiffs failed to file "a certificate of review for *each* . . . licensed professional named as a party." § 13-20-602(1)(a), (b) (emphasis added).

¶ 23    Scism quoted section 13-20-602(1)(a) in his motion to dismiss, but neither he nor the hospital argued that the district court should dismiss plaintiffs' claims because plaintiffs failed to file a certificate of review for *each* licensed professional named as a party.[5]

¶ 24    Nevertheless, Scism and the hospital urge us to affirm the district court's judgment on the alternative basis that "[a] trial court's decision may be defended on the trial court's express rationale, or on any ground supported by the record, even if that

---

[5] At oral argument, Scism and the hospital argued that plaintiffs were on notice of the statutory requirement to file a certificate of review for each licensed professional because a different defendant raised this argument in the district court. Nevertheless, Scism and the hospital did not seek dismissal on this basis. And the district court did not rely on this basis in granting the hospital's and Scism's motions to dismiss.

ground was not articulated or considered by the trial court."[6] *People v. Cousins*, 181 P.3d 365, 370 (Colo. App. 2007). "[W]e *may* affirm the trial court's ruling based on any grounds that are supported by the record." *Rush Creek Sols., Inc. v. Ute Mountain Ute Tribe*, 107 P.3d 402, 406 (Colo. App. 2004) (emphasis added). But, for three reasons, we decline to exercise our discretion to do so.

¶ 25 First, we begin by recognizing the "general rule favoring resolution of disputes on their merits." *Truhlar*, 151 P.3d at 676; *accord Craig v. Rider*, 651 P.2d 397, 402-03 (Colo. 1982).

¶ 26 Second, while this lawsuit initially included ten different defendants, only two are parties to this appeal — Scism and his employer, the hospital. In *Truhlar*, the plaintiffs filed a single certificate of review that purported to apply to both defendants — a lawyer and his law firm. 151 P.3d at 676. The division concluded

---

[6] Declining to consider other documents filed by plaintiffs to determine whether the certificate of review was sufficient as to the hospital, the district court said, "Plain and simple, a timely Certificate of Review for each named party that is licensed is required by statute, and, thus, expert disclosures cannot act as substitute for a Certificate of Review." We do not read the district court's order to mean that the lack of a separate certificate of review specific to the hospital was an alternative basis to grant the hospital's motion to dismiss.

that the single certificate satisfied the requirements of section 13-20-602 "[b]ecause plaintiffs' claims against the law firm depend[ed] entirely on the alleged negligence of the individual lawyer, and because an expert qualified to evaluate the claims against one defendant would also be qualified to evaluate the claims against the other . . . ." *Id.*

¶ 27 Similarly, here, plaintiffs' claims against the hospital depend almost entirely on the alleged negligence of Scism (as the district court recognized in its order granting the hospital's motion to dismiss). As in *Truhlar*, an expert qualified to evaluate the claims against the nurse arguably would be qualified to evaluate the claims against the hospital.

¶ 28 Third, by the time the court ruled on the dismissal motions, the defendants had all of the information required by the certificate of review statute (and probably a lot more).

¶ 29 The supreme court in *Shelton v. Penrose/St. Francis Healthcare System*, disapproved the trial court's "acceptance" of expert reports in lieu of a certificate of review but declined to reverse on that basis. 984 P.2d 623, 629 (Colo. 1999). The court first explained that the purpose of the certificate of review statute is

to aid "in avoiding unnecessary time and costs in defending professional negligence claims, weeding out frivolous claims and putting a defendant on notice of the development of the theory of the case." *Id.* at 628 (citing *Martinez v. Badis*, 842 P.2d 245, 250 (Colo. 1992)). Then the court reasoned that the expert reports contained all the information to which the defendant was entitled under the certificate of review statute and that "[i]f the trial court had properly required the late filing of a certificate, no additional information would have been provided to [the defendant], due to the timing of such a late filing relative to the progress of the case." *Id.*

¶ 30 We decline to exercise our discretion to affirm the judgment on a ground not relied on by the district court because, as in *Shelton*, the April 8, 2019, certificate of review gave Scism and the hospital all the information to which they were entitled under the certificate of review statute. Moreover, the district court did not grant Scism's or the hospital's motions to dismiss until the case was set for trial and the plaintiffs had filed at least some expert disclosures, which arguably met even the district court's erroneously imposed additions to section 13-20-602.

## V.    Disposition

¶ 31    The judgment of dismissal in favor of Scism and the hospital is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE BROWN and JUDGE JOHNSON concur.