25CA0533 Hanna v Nelson 01-08-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0533
Arapahoe County District Court No. 24CV34
Honorable Ben Figa, Judge

Saad Hanna,

Plaintiff-Appellant,

v.

Kimberly A. Nelson,

Defendant-Appellee.

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Schock and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 8, 2026

Saad Hanna, Pro Se

Sharuzi Law Group Ltd., Jacqueline B. Sharuzi, Erik D. Moya, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1 After undergoing an allegedly unsuccessful surgery, pro se plaintiff, Saad Hanna, asserted a professional negligence claim against defendant, Kimberly A. Nelson (doctor). The district court dismissed Hanna's complaint for failure to state a claim and failure to file a certificate of review as required by section 13-20-602, C.R.S. 2025. It then denied Hanna's subsequent C.R.C.P. 60(b) motion for reconsideration.

¶ 2 Hanna appeals the denial of his Rule 60(b) motion.[1] We affirm.

## I. Background

¶ 3 Hanna sued the doctor[2] in January 2024. He alleged that after she performed surgery in 2022 to correct his deviated septum,

---

[1] Later, Hanna filed two more motions to set aside the judgment under C.R.C.P. 60(b). But by then, he had filed a notice of appeal with respect to the order denying his initial Rule 60(b) motion for reconsideration, so the court denied the subsequent motions for lack of jurisdiction. Although Hanna's briefing suggests that he is appealing all orders denying his three Rule 60(b) motions, the latter two orders are not part of this appeal because Hanna did not amend his notice of appeal to include those orders. *See In re Estate of Anderson*, 727 P.2d 867, 869 (Colo. App. 1986) (notice of appeal was not effective to initiate appeal of order entered after the notice was filed).

[2] Hanna also named Littleton Adventist Hospital and Rose Medical Center as defendants, but the court dismissed his claims against these entities, and Hanna does not appeal their dismissal.

1

he had difficulty breathing and had to seek emergency care on five occasions for severe nose bleeds.

¶ 4    On the doctor's motion to dismiss, the court concluded that Hanna had failed to sufficiently plead a professional negligence claim and dismissed Hanna's complaint without prejudice.  Four months later, Hanna filed an amended complaint, but the court dismissed that complaint without prejudice too, this time in part based on Hanna's failure to file the certificate of review required by section 13-20-602.  The court gave Hanna thirty-five days to cure the deficiencies.

¶ 5    Hanna retained counsel, who obtained an extension of time to file a second amended complaint and certificate of review.  But his counsel withdrew several months later without filing either one.  In November 2024, after Hanna failed to file a new complaint and certificate, the court dismissed the case with prejudice.

¶ 6    Hanna then filed the C.R.C.P. 60(b) motion at issue in this appeal.  The motion alleged that newly discovered evidence supported the negligence claim and warranted reinstatement of the complaint.  The court summarily denied the motion.

## II.    Hanna's C.R.C.P. 60(b) Motion

¶ 7    Hanna contends that the court erred in denying his Rule 60(b) motion by disregarding the newly discovered evidence and not providing an explanation for the denial.  We disagree.

### A.    Applicable Law and Standard of Review

¶ 8    The purpose of C.R.C.P. 60 is to allow a court to set aside a final judgment "when [a] significant new matter of fact or law arises which is extrinsic to it because of not having been presented to the court."  *E.B. Jones Constr. Co. v. City & County of Denver*, 717 P.2d 1009, 1013 (Colo. App. 1986).  The rule specifies reasons for setting aside a judgment: mistake or excusable neglect, C.R.C.P. 60(b)(1); fraud or other improper conduct by the adverse party, C.R.C.P. 60(b)(2); voidness, C.R.C.P. 60(b)(3); or equitable considerations, C.R.C.P. 60(b)(4).  Rule 60(b)'s residuary provision authorizes vacatur for "any other reason justifying relief from the operation of the judgment."  C.R.C.P. 60(b)(5).

¶ 9    Although Rule 60(b) does not explicitly provide for relief based on newly discovered evidence, the supreme court has held that "the 'any other reason justifying relief' language of Rule 60(b)(5) encompasses newly discovered evidence."  *Se. Colo. Water*

*Conservancy Dist. v. O'Neill*, 817 P.2d 500, 505 (Colo. 1991). A Rule 60(b) motion predicated on newly discovered evidence "should be resolved by the same criteria applicable to a [C.R.C.P.] 59(d)(4) motion" for a new trial. *Id.* at 506. Thus, to show entitlement to relief, the moving party must establish that (1) the evidence could not have been discovered by the exercise of reasonable diligence and produced before the entry of the judgment; (2) the evidence is material to an issue; and (3) "the new evidence, if admitted, would probably change the result of the judgment." *Meyer v. Haskett*, 251 P.3d 1287, 1293 (Colo. App. 2010).

¶ 10    We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Taylor v. HCA-HealthONE LLC*, 2018 COA 29, ¶ 30. A district court abuses its discretion only when it misapplies the law or when its decision is manifestly arbitrary, unreasonable, or unfair. *Int'l Network, Inc. v. Woodard*, 2017 COA 44, ¶ 24.

## B.    Analysis

¶ 11    The "newly discovered" evidence in this case is a one-page computer screenshot from UCHealth listing Hanna's "current health

issues," including "nasal valve collapse" — a condition that "started 6/12/2023," about a year after the surgery.

¶ 12    The screenshot does not satisfy the criteria for newly discovered evidence. As Hanna acknowledges, it is not actually new evidence. The same screenshot was attached to the original complaint as an exhibit. Therefore, the evidence *was* discovered and *was* produced before entry of judgment. And the screenshot did not prevent dismissal of the complaint, so, by necessity, its resubmission would not change the outcome of the judgment.

¶ 13    Nor does the screenshot satisfy the certificate of review requirement. Section 13-20-602 provides that in every professional negligence action (which includes a medical malpractice case), the plaintiff must file a certificate of review within sixty days after service of the complaint affirming that he has consulted with an expert and the expert has concluded that the claim does not lack substantial justification. § 13-20-602(1), (3). This requirement applies to both represented and unrepresented parties. *Yadon v. Southward,* 64 P.3d 909, 912 (Colo. App. 2002). The failure to file a certificate of review "shall result in the dismissal of the complaint." § 13-20-602(4); *Woo v. Baez,* 2022 COA 113, ¶ 15 ("[U]pon the

defendant's request, the court must dismiss a claim that requires a certificate of review if the plaintiff has not complied with the statute.").

¶ 14    To comply with section 13-20-602, Hanna had to affirm that a qualified medical expert had "reviewed the relevant information" concerning his medical malpractice claim and that the expert had determined that the claim did not lack substantial justification. *RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 675 (Colo. App. 2006); § 13-20-602(3).  And because the court ordered him to do so, Hanna also had to provide the expert's name.  *See* § 13-20-602(3) (The court, in its discretion, may require the identity of the . . . licensed professional who was consulted . . . to be disclosed to the court . . . .").  The screenshot listed a "nasal valve collapse" as a "current health issue," but it did not indicate that any medical expert had attributed the nasal valve collapse (or any other health issue) to the doctor's negligence.  In fact, Hanna told the court that he had tried to obtain a certificate of review, but no expert would provide one.

¶ 15    Because Hanna neither submitted new evidence nor complied with the certificate of review requirement, the court did not abuse its discretion by denying his Rule 60(b) motion.

¶ 16    True, in denying the motion, the court did not make factual findings or state its conclusions of law.  But the absence of detailed findings and conclusions does not hamper appellate review in this case, *see Morris v. Belfor USA Grp., Inc.*, 201 P.3d 1253, 1263 (Colo. App. 2008) (a trial court's order must include findings and conclusions sufficient to enable appellate review), because the court's reasons for denying the motion are clear from the record, *see People in Interest of C.L.T.*, 2017 COA 119, ¶ 36 (recognizing that a court's findings may be implicit from the record); *cf. Foster v. Phillips*, 6 P.3d 791, 796 (Colo. App. 1999) (when a court's ruling, in the context of the record, is sufficient to determine its basis, a failure to make express findings does not require reversal). Accordingly, the lack of findings and conclusions does not provide a basis for reversal.

III.    The Doctor's Request for Attorney Fees and Costs

¶ 17    The doctor requests an award of appellate attorney fees and double costs under C.A.R. 38 and C.A.R. 39.1.  She argues that

Hanna's appeal is frivolous and that his brief includes citations to nonexistent cases — i.e., "hallucinations" created by a generative artificial intelligence (GenAI) tool. *See Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶ 2.

¶ 18　　Under C.A.R. 38, we may award attorney fees and double costs as a sanction when an appeal is frivolous, meaning "the proponent can present no rational argument based on the evidence or law . . . or the appeal is prosecuted for the sole purpose of harassment or delay." *Averyt v. Wal-Mart Stores, Inc.*, 2013 COA 10, ¶ 43 (citation omitted); *see* C.A.R. 38(b). But we may not assess attorney fees against a pro se party except on a finding that "the party clearly knew or reasonably should have known that the party's action . . . was substantially frivolous." § 13-17-102(6), C.R.S 2025.

¶ 19　　On one hand, Hanna's appeal of the Rule 60(b) order clearly lacks merit. As we have explained, the document indicating that Hanna had a collapsed nasal valve is not a substitute for the required certificate of review, and, in any case, it was submitted with the original complaint. And each time the court issued an order adverse to Hanna, Hanna filed a notice of appeal, resulting in

the initiation of four prior appeals,[3] all of which were promptly dismissed on procedural grounds (without requiring any action from the doctor).

¶ 20     On the other hand, the doctor does not allege that Hanna knew or reasonably should have known that this appeal was frivolous. That omission alone is grounds for denial of the fee request. *See* C.A.R. 39.1 (a request for appellate attorney fees must include the legal basis for an award). And, as Hanna points out, the court did not make findings or state conclusions of law to explain its denial of the Rule 60(b) motion. Moreover, contrary to the doctor's argument, newly discovered evidence is a valid basis for setting aside a judgment under Rule 60(b), and the screenshot did, in fact, show a "medical issue" — a collapsed nasal valve — that arose after the surgery. Indeed, Hanna's allegations (which we must accept as true) indicate that he suffered severe complications

---

[3] Hanna appealed the court's orders dismissing his claims against Littleton Adventist Hospital and Rose Medical Center. But those appeals were dismissed for lack of a final order and untimeliness, respectively. Later, Hanna appealed the court's order quashing a subpoena and its order denying a motion to disqualify. Those appeals were dismissed for failure to pay a filing fee.

from the surgery — complications that a UCHealth doctor opined were not "normal."

¶ 21    None of this provides any reason to reverse the court's order, but the fact that Hanna did not prevail on appeal does not mean that he knew or should have known that the appeal was frivolous. *See, e.g.*, *In re Estate of Shimizu*, 2016 COA 163, ¶ 34.

¶ 22    That brings us to Hanna's alleged use of a GenAI tool in the preparation of his brief. While GenAI can be a useful tool for pro se litigants, *see* Natalie Runyon, *Chatbots for justice: The impact of AI-driven tech tools for pro se litigants* (Thomson Reuters Inst., Feb. 12, 2025), we agree with the doctor that it presents some risks, including that the GenAI tool may generate fictitious case citations,

*see Al-Hamim*, ¶ 30. The doctor says that three such citations appear in Hanna's brief, warranting sanctions.[4]

¶ 23  True, by the time Hanna filed his opening brief, a division of this court had issued an opinion cautioning lawyers and self-represented litigants that "future filing[s] in this court containing [GenAI]-generated hallucinations may result in sanctions." *Id.* at ¶ 41. But despite the recent opinion, our court is still in the early stages of navigating self-represented litigants' use of this new technology. And the *Al-Hamim* division itself declined to impose sanctions, in part because litigants lacked notice of possible sanctions, but also because the litigant in that case had not

---

[4] Two of the cases are not fictitious. *People in Interest of J.L.S.*, (Colo. App. No. 24CA0623, Sept. 19, 2024) (not published pursuant to C.A.R. 35(e)), incorrectly cited, is an unpublished decision that stands for the proposition for which Hanna cited it. *See id.*, slip op. at ¶ 12 (a court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair or when it misapplies the law). (Still, Hanna's citation to an unpublished decision violates this court's policy prohibiting citation of unpublished opinions, *see* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2025), https://perma.cc/Z88K-5U7F). *In re Estate of Ongaro*, 973 P.2d 660 (Colo. App. 1998), *aff'd*, 998 P.2d 1097 (Colo. 2000), also incorrectly cited, is a published case, but it does not articulate the test for determining whether newly discovered evidence warrants relief.

previously filed documents with hallucinations, and the eight fake citations in his brief did not amount to an egregious violation of our appellate rules. *Id.* at ¶¶ 39-40.

¶ 24 Like the litigant in *Al-Hamim,* Hanna appears to be a first-time offender when it comes to the use of hallucinations. And the allegedly fictitious cases were cited for well-settled legal propositions that could have been supported by other legitimate authorities.

¶ 25 Given Hanna's insubstantial arguments and inaccurate citations, the question of whether to award appellate attorney fees or otherwise impose a sanction is a close one. But on balance, we cannot say that this a "clear and unequivocal" case involving the kind of "egregious conduct" that warrants sanctions, *Glover v. Serratoga Falls LLC*, 2021 CO 77, ¶ 70 (citation omitted), particularly against a pro se party. Accordingly, we deny the doctor's request for appellate attorney fees and double costs. However, we caution Hanna that future infractions may result in dismissal of the appeal, striking of a brief, or an award of attorney fees.

## IV. Disposition

¶ 26    The order is affirmed.

JUDGE SCHOCK and JUDGE TAUBMAN concur.